**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J.P., et al., | No. CV-22-00683-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Before the Court is Plaintiffs' Motion to Proceed Under Pseudonyms.  (Doc. 5.) Defendant has been served this Motion (Docs. 6, 8) but has not responded.  The Court grants the motion.

## I.

Federal Rule of Civil Procedure 10 requires "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a).  This rule reflects the "paramount importance of open courts" such that the "default presumption is that plaintiffs will use their true names."  *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010). "As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (internal quotations and citations omitted).

But in "special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," a

party may proceed anonymously. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The Ninth Circuit has identified three situations in which parties have been allowed to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* "Anonymity, however, cuts against the bedrock principle that courts and judicial records are open." *Jane Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015); *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). District Courts have broad discretion to determine whether a plaintiff may proceed anonymously. *Advanced Textile Corp.*, 214 F.3d at 1068; *Kamehameha Schools*, 596 F.3d at 1045–1046.

## II.

Plaintiffs assert that because their claim involves their history as a victim of human trafficking and sexual assault, they are entitled to proceed pseudonymously. (Doc. 13 at 2.) The Ninth Circuit "uniformly allow plaintiffs alleging sexual assault to proceed under pseudonyms." *N.S. v. Rockett*, No. 3:16-cv-2171-AC, 2017 WL 1365223, at *2 (D. Or. Apr. 10, 2017); *see also Joseph v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1993) (complying with the "tradition of not revealing names of the victims of sexual assault"). Nevertheless, license to proceed pseudonymously should be limited "except in an unusual case, where there is the need for the cloak of anonymity. *U.S. v. Doe*, 488 F.3d 1154, 1155 n.1 (9th Cir. 2007) (quoting *U.S. v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980) (internal quotations omitted). Moreover, "retaliation from a foreign government is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously." *Poozesh v. Pompeo*, No. 119CV01466LJOSKO, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019).

Given the Plaintiffs' allegations of domestic violence by her husband in Guatemala (Doc. 1 ¶¶ 3, 50), and violence perpetrated by Customs and Border Control (*id.* ¶¶ 59–66),

as well as the sensitive and highly personal nature of the information involved, anonymity is warranted here. Additionally, Plaintiffs have applied for but not been granted asylum, so the Court finds a heightened need for confidentiality.  (Doc. 5 at 5–6.)  Furthermore, Plaintiffs contend that Defendant "already knows Plaintiffs' names" and the extent of their request is merely "permission to use pseudonyms in publicly-filed documents in this case." (Doc. 5 at 6.)  Defendant has not filed a response to the motion, and in fact, uses Plaintiffs' pseudonyms in subsequent filings.  (*See, e.g.*, Doc. 15 at 1.) Thus, Defendants will not suffer prejudice if Plaintiffs proceed pseudonymously. Accordingly, the Court finds Plaintiffs' interest in protecting their privacy outweighs the public's interest in knowing their identities. *See Advanced Textile*, 214 F.3d at 1068.  The circumstances present here fit the special circumstances wherein proceeding under a pseudonym is appropriate.

**III.**

Accordingly,

**IT IS ORDERED granting** Plaintiffs' Motion to Proceed Under Pseudonyms. (Doc. 5.)  Plaintiffs may continue to use the initials J.P. and L.C. in further filings in this case.

Dated this 11th day of July, 2022.

Michael T. Liburdi
United States District Judge