# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J.P. and L.C., <br>    Plaintiffs, <br> v. <br> United States of America, <br>    Defendant. | No. CV-22-00683-PHX-MTL <br><br> **ORDER** |

Pending before the Court is Plaintiffs' Motion to Transfer to Judge Susan R. Bolton Pursuant to Local Rules of Civil Procedure 42.1. Because this Court is assigned related cases, *C.M. v. United States of America*, CV19-05217-PHX-SRB ("C.M.") and *A.P.F. v. United States of America*, CV20-00065-PHX-SRB ("A.P.F."), Plaintiffs argue that transfer will promote judicial economy and avoid duplication of work by other judges in this District.[1] The United States has filed a response in which it takes no position on transfer but details what the United States asserts are relevant matters for the Court to consider in deciding whether to grant or deny transfer. Plaintiffs have filed a Reply.

This Court has previously considered and denied transfer of another family separation case. In *B.A.D.J. v. United States of America*, CV21-00215-PHX-SMB ("B.A.D.J."), the Court denied transfer because the cases were at significantly different

---

[1] One of the arguments made by Plaintiffs in support of their motion was the pendency of a Motion to Consolidate Cases for Common Policy-Based Discovery Only filed in two cases pending in this District, *A.I.I.L. v. Sessions*, CV19-00481-TUC-JCH and *F.R. v. United States of America*, CV21-00339-PHX-DLR. That Motion was denied by this Court in an Order filed on July 14, 2022.

stages of litigation and presented unique factual situations. The Court also concluded that transfer would not serve judicial economy.  Plaintiffs acknowledge this Court's denial of transfer in *B.A.D.J.* but argue that their case presents a highly similar fact pattern to *C.M.* and *A.P.F.* distinguishing them from *B.A.D.J.*[2]

This Court's Local Rule 42.1(a) lists the factors that determine whether a party may file a motion to transfer.  The factors that Plaintiffs argue are relevant to their motion are the cases arise from the same event, involve the same defendant, call for determination of substantially similar questions of law, and would avoid substantial duplication of labor if heard by different judges. While the Court finds that Plaintiffs have met the Local Rule's requirements to allow the filing of a motion to transfer, meeting those requirements does not dictate that transfer will be granted. The decision on transfer is left to the sound discretion of the Court.

The Complaint in this case was filed on April 25, 2022.  At the time of the filing of the Motion to Transfer, the United States had not yet filed its responsive pleading but has now done so. The United States filed a Motion to Dismiss (Doc. 15) on June 29, 2022. In contrast, *C.M.* was filed in September 2019 (Doc. 1) and *A.P.F.* was filed in January 2020 (Doc. 1).  This Court granted a Motion to Transfer on April 14, 2020 (CV20-00065 Doc. 26).   The current Case Management deadlines for these cases sets a fact discovery deadline of August 15, 2022 (*C.M.* Doc. 262 and *A.P.F.* Doc. 258). The expert disclosure deadline for Plaintiffs is August 25, 2022 and dispositive motions are due to be filed not later than February 6, 2023. (*C.M.*, Doc. 144 and *A.P.F.*, Doc. 144)

While all of the cases now pending or to be filed in this District involve the same family separation policy that was in place in Spring 2018, have or will have the same Defendant, and will involve overlapping discovery of national policy-based matters, the factual circumstances and claims for damages of each Plaintiff will be different and will involve discovery that is likely unique to each case.  While Plaintiffs here have highlighted

---

[2] In its Order denying transfer the Court also noted that at that time there were three other cases pending in this District and that no party had moved to transfer.  One of those cases was filed in 2019. (Doc. 48, CV21-000215-PHX-SMB, 04/21/2022 Order at 4 n.1.)

that the cases are all based on a policy of the prior administration to separate families crossing the United States-Mexico Border, the claims of each Plaintiff for alleged intentional infliction of emotional distress, negligence, abuse of process and loss of consortium will be largely dependent on individualized facts and not national policy level issues.

The United States advises that there are nearly 800 tort claims involving the family separation policy pending before federal agencies and that many of those claims arose out of family separations at the border in Arizona. This Court concludes, as it did in *B.A.D.J.,* that transfer should be denied. The Court finds that the cases presently pending and yet to be filed should be assigned and decided by the judges to whom they are randomly assigned in the division of this Court where they are filed.

IT IS ORDERED denying Plaintiffs' Motion to Transfer to Judge Susan R. Bolton Pursuant to Local Rules of Civil Procedure 42.1. (Doc. 9)

Dated this 4th day of August, 2022.

_____
Susan R. Bolton
United States District Judge