GARY M. RESTAINO
United States Attorney
District of Arizona

THEO NICKERSON
Connecticut State Bar No. 429356
Assistant United States Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Facsimile: (602) 514-7693
E-Mail: Theo.Nickerson2@usdoj.gov
*Attorneys for United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J.P. et al., <br>     Plaintiffs, <br> v. <br> United States of America <br>     Defendant. | No. CV-22-00683-MTL <br><br> **REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |

Defendant United States of America submits the following Reply to Plaintiffs' Response in opposition ("Opposition" or Opp'n") (Doc. 22) to the United States' Motion to Dismiss ("Mot.") (Doc. 15).

## ARGUMENT

**I.   Plaintiff's Claims are Barred by the Discretionary Function Exception ("DFE").**

Plaintiff J.P. alleges that she was separated from her minor daughter, L.C., after crossing the United States-Mexico border into Arizona in violation of 8 U.S.C. § 1325. *See generally* Doc. 1. Specifically, Plaintiffs allege that, after unlawfully crossing the U.S.-Mexico border, on May 20, 2018, L.C. was transferred to Southwest Key Casa Phoenix, an immigrant children's shelter in Phoenix, Arizona, while J.P. was detained in a secure adult immigration detention facility, Musick Detention Facility in Irvine, California.

Doc. 1 ¶¶ 65, 71. Because the decision regarding "where [noncitizens] are detained" is explicitly committed to "the discretion of the [Secretary]," *Comm. Of Cent. Am. Refugees v. I.N.S.*, 795 F.2d 1434, 1440 (9th Cir. 1986), and because Plaintiffs do not allege in their Complaint any behavior that violated a clearly established Constitutional right, the government's decision "falls within th[e] [discretionary function] exception," *Mirmehdi v. United States*, 689 F.3d 975, 984 (9th Cir. 2012). This action should be dismissed for lack of jurisdiction.

### A. Defendant Satisfies the First Prong of the DFE Test.

Plaintiffs cannot overcome the DFE because they have not alleged (1) the existence of a statute, regulation, or policy that articulates a "specific and mandatory" course of conduct, and (2) conduct that violates this specific and mandatory statute, regulation, or policy. *See Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009). Because Plaintiffs have not satisfied their burden to plead a claim "that is facially outside the discretionary function exception," this action should be dismissed for lack of subject matter jurisdiction. *Prescott v. United States*, 973 F.2d 696, 702 (9th Cir. 1992); *Duchac v. United States*, No. 19CV2244-LAB (LL), 2021 WL 948796, at *2 (S.D. Cal. Mar. 12, 2021).

"A principal feature of" the statutory framework governing the removal of noncitizens from the United States "is the broad discretion exercised by immigration officials." *Arizona v. United States*, 567 U.S. 387, 396 (2012). "This broad discretion applies to immigration detention." *GEO Grp., Inc. v. Newsom*, 15 F.4th 919, 930 (9th Cir. 2021). The federal government maintains express statutory authority to detain noncitizens who enter the country illegally, see 8 U.S.C. §§ 1225, 1226(a), and to "arrange for appropriate places of detention" for noncitizens "detained pending removal or a decision on removal," 8 U.S.C. § 1231(g). It is well established that these kinds of classification and placement decisions involve discretion. *See Blanco Ayala v. United States*, 982 F.3d 209, 215 (4th Cir. 2020); *Arteaga-Ruiz v. United States*, 164 F. Supp. 3d 1198, 1204 (D. Idaho 2016), aff'd, 705 F. App'x 597 (9th Cir. 2017).

The government had the discretion to house J.P. in a secure adult immigration detention facility. *See* 8 U.S.C. § 1231(g). Indeed, 8 U.S.C. § 1231(g) does not limit the Secretary in deciding the "appropriate places of detention" for a noncitizen or with whom the noncitizen is detained. *Id.* Rather, as the Ninth Circuit has recognized, the statute grants the Secretary "broad discretion in exercising his authority to choose the place of detention for deportable" noncitizens. *Comm. of Cent. Am. Refugees*, 795 F.2d at 1440.

As explained in the United States' Motion to Dismiss, these kinds of classification and placement decisions regarding whether, where, and with whom to detain noncitizens are quintessential discretionary policy-based decisions subject to the DFE. Doc.15 at pp. 7-12.; *see also Peña Arita v. United States*, 470 F. Supp. 3d 663, 691-92 (S.D. Tex. 2020) (holding Zero-Tolerance Policy provided for "clearly protected discretionary decisions" as applied to family separation). Moreover, the *Flores* Agreement – which Plaintiffs give scant attention – does not compel the release of a child to a parent that remains in custody, require that a parent be housed with a child, or entitle a parent to be housed with a child in immigration detention. *Flores v. Lynch*, 828 F.3d 898, 906, 908 (9th Cir. 2016); *United States v. Dominguez-Portillo*, No. EP-17-MJ-4409-MAT, 2018 WL 315759, at *9, *14-15 (W.D. Tex. Jan. 5, 2018). The Department of Health and Human Services' Office of Refugee Resettlement ("ORR"), which is charged with "the care and placement of unaccompanied alien children who are in federal custody by reason of their immigration status," see 6 U.S.C. §§ 279(a), (b)(1)(A), (b)(1)(C), exercises discretion in placing unaccompanied children "in the least restrictive setting that is in the best interest of the child." 8 U.S.C. § 1232(c)(2)(A). In short, Plaintiffs have not identified a statute, regulation, or policy that limits the government's discretion on the key decision points at issue in this case.

Instead, Plaintiffs argue that the DFE is inapplicable because the separation "violated their constitutional rights to family integrity and due process." Opp'n at 4-6. This argument fails for several reasons.

As an initial matter, Plaintiffs do not allege in their Complaint that federal officials violated the Constitution. Doc. 1. This fact distinguishes the instant case from the cases cited in Plaintiffs' Opposition. In *Nurse v. United States*, 226 F.3d 996 (9th Cir. 2000), for example, the Ninth Circuit reversed the district court's dismissal of the plaintiff's FTCA claims, holding that "[i]n general, governmental conduct cannot be discretionary if it violates a legal mandate," including a specific constitutional mandate. 226 F.3d at 1002. The DFE was inapplicable, the court explained, because the plaintiff's complaint "alleges that the policy-making defendants promulgated discriminatory, unconstitutional polices which they had no discretion to create." *Id.* Similarly, in *C.M. v. United States*, No. CV-19-05217-PHX-SRB, 2020 WL 1698191 (D. Ariz. Mar. 30, 2020) and *A.P.F. v. United States*, 492 F. Supp. 3d. 989 (D. Ariz. 2020), the court found that the DFE did not apply because the plaintiffs in those cases "alleged plausible constitutional violations." 2020 WL 1698191, at *4; 492 F. Supp. 3d at 996. Here, by contrast, Plaintiffs' Complaint does not allege that federal officials violated the Constitution.  Doc. 1. At no point does the Complaint reference Plaintiffs' putative rights to "family integrity" and "due process" or otherwise allege that federal officials exceeded the scope of their discretion by violating the Constitution. *Id*.

Plaintiffs also contend that they "need not plead a constitutional violation for Defendant's discretionary function exception argument to fail." Opp'n at 6. They are mistaken. The Ninth Circuit has repeatedly held that, while the government bears the ultimate burden of proving that the DFE applies, a plaintiff must first plead a claim that "is facially outside the discretionary function exception" in order to invoke the court's subject matter jurisdiction. *See, e.g., Prescott*, 973 F.2d at 702; *Holy See*, 557 F.3d at 1084; *Duchac*, 2021 WL 948796, at *2. Although Plaintiffs may not be required to "use magic language," Opp'n at 6, in order to plead a claim that falls facially outside the DFE, they must allege the existence of a legal directive that "specifically prescribes a course of action for an employee to follow," *Gaubert v. United States*, 499 U.S. 315, 322 (1991), accompanied by plausible allegations that the government's conduct violated that specific

directive. Because Plaintiffs have not pleaded a claim that facially falls outside the DFE, as they must to invoke the Court's jurisdiction, this action should be dismissed. *Holy See*, 557 F.3d at 1084 (holding district court erred in exercising jurisdiction, where plaintiff did not "allege the existence of a policy that is 'specific and mandatory'"); *Mirmehdi*, 689 F.3d at 984 (holding "[b]ecause the decision to detain an alien pending resolution of immigration proceedings is explicitly committed to the discretion of the [Secretary]," and because plaintiffs "do not allege that this decision itself violated the Constitution, it falls within this exception"); *Shamoun v. Republic of Iraq*, 441 F. Supp. 3d. 976, 997 (S.D. Cal. 2020) (dismissing claim where plaintiff failed "to allege the existence of a regulation or statute … that is specific and mandatory").

Even if Plaintiffs had alleged a constitutional violation, their Opposition does not assert the violation of any constitutional provision with the requisite degree of specificity to overcome the DFE. In *Gaubert,* the Supreme Court held that conduct is nondiscretionary when a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." 499 U.S. at 322. The Constitution is no different: in some cases, the Constitution may establish such a specific prescription that it removes an official's discretion, but the requirement of specificity applies with the same force whether the prescription is found in the Constitution or a statute. The Ninth Circuit has declined to decide "the level of specificity with which a constitutional proscription must be articulated in order to remove the discretion of a federal actor." *Nurse*, 226 F.3d at 1002 n.2; *see also Fazaga v. Fed. Bureau of Investigation*, 916 F.3d 1202, 1251 (9th Cir. 2019) ("[I]f the district court instead determines that Defendants did violate a nondiscretionary federal constitutional . . . directive, the FTCA claims may be able to proceed to that degree."), reversed on other grounds, --- S. Ct. ---, 2022 WL 626693 (March 4, 2022).

For the reasons discussed, a court should require the same level of specificity that would be required in determining whether a statute left an employee with "no discretion to abuse." *See, e.g., Bryan v. United States*, 913 F.3d 356 (3d Cir. 2019) (holding FTCA claim failed where "CBP officers did not violate clearly established constitutional rights");

*Ahern v. United States*, No. 2:14-CV-259, 2017 WL 2215633, at *10 (S.D. Tex. May 19, 2017) (holding "rights afforded to Plaintiff under the Fifth Amendment. . . fail to define a set course of conduct . . . would be considered to be non-discretionary"); *Champion v. United States*, No. CV-09-1655, 2010 WL 11463694, at *1 (W.D. La. Oct. 28, 2010) (holding Eighth Amendment not "specific enough . . . to prescribe a non-discretionary course of conduct [and] render the [DFE] inapplicable").[1]

Whatever the precise standard, it is not satisfied here. Plaintiffs have alleged actions of various kinds by various officials. Regardless of whether some or all of these acts reflected an abuse of discretion, Plaintiffs have identified nothing in the decisions of the Supreme Court or the Ninth Circuit that removed any official's discretion with respect to any of the categories of asserted actions by "specifically prescrib[ing] a course of action for an employee to follow." *Gaubert*, 499 U.S. at 322. Indeed, as the Fourth Circuit observed, "we . . . have been unable to find a substantive due process right to family unity in the context of immigration detention pending removal." *Reyna as next friend of J.F.G. v. Hott*, 921 F.3d 204, 210-11 (4th Cir. 2019); *see also Dominguez-Portillo*, 2018 WL 315759, at *6. And while some decisions, including decisions in this District, have concluded that constitutional allegations made the exception inapplicable, none have analyzed the relevant standards set out in the Supreme Court's FTCA decisions and in its decisions involving official immunity.[2] Those principles make clear that the discretionary function exception bars Plaintiffs' claims.

Finally, Plaintiffs attempt to avoid the DFE by arguing that federal officials had no discretion to designate L.C. "unaccompanied" when she and J.P. entered the United States together. Opp'n at 7-10. This argument fails because it rests on the flawed premise that

---

[1] *See also Limone v. United States*, 579 F.3d 79 (1st Cir. 2009); *Xiaoxing Xi v. Haugen*, No. CV-17-2131, 2021 WL 1224164, at *29 (E.D. Pa. Apr. 1, 2021); *Fabian v. Dunn*, No. SA-08-cv-269-XR, 2009 WL 2567866, at *8 (W.D. Tex. Aug. 14, 2009); *McElroy v. United States*, 861 F. Supp. 585 (W.D. Tex. 1994).

[2] *A.P.F.*, 492 F. Supp. 3d at 996; *Nunez Euceda v. United States*, No. 2:20-cv-10793, 2021 WL 4895748, *3 (C.D. Cal. Apr. 27, 2021); *C.M.*, 2020 WL 1698191, at *4.

J.P. was available to care for her child because she was never prosecuted, but rather was only amenable to prosecution. *Id.* at 9. The statutory definition of "unaccompanied alien child" is a broad one that encompasses circumstances when parents are physically present in the United States but not "available to provide care and physical custody" of their children. 6 U.S.C. § 279(g)(2); *D.B. v. Cardall*, 826 F.3d 721, 734 (4th Cir. 2016). Federal officials reasonably concluded that noncitizen parents who are amenable to prosecution and held in secure immigration detention – pursuant to the government's express statutory authority – are not available to provide care and physical custody of their children, just as parents who are prosecuted are unavailable to provide care and physical custody to their children while in criminal detention. Thus, the determination that L.C. was "unaccompanied" within the meaning of the TVPRA is a discretionary decision susceptible to policy analysis covered by the DFE. *See* 6 U.S.C. § 279(g)(2); *D.B. v. Poston*, 119 F. Supp. 3d 472, 482-83 (E.D. Va. 2015) ("Federal agencies are afforded discretion under the statutory scheme when classifying juveniles as unaccompanied alien children."), *aff'd in part and vacated in part*, 826 F.3d 721 (4th Cir. 2016). And the Flores Agreement precludes DHS from detaining minor noncitizens in secure detention facilities, absent circumstances not alleged here. *Flores*, 828 F.3d at 902-03. Once the decision is made to detain an adult noncitizen in secure immigration detention, as J.P. was here, separation of that adult from a child with whom he or she crossed the border is required, regardless of whether the adult was prosecuted. Mot. at 9-12.[3]

---

[3] To the extent that Plaintiffs argue that Defendant must cite a "statute or regulation that required" their separation, Plaintiffs turn the DFE on its head. Opp'n at 8. First, Defendant does not argue that the government was required to detain J.P. in a secure detention facility, but rather that the government has the express statutory authority (i.e., discretion) to make such classification and placement decisions. Mot. at 8-10. Second, Plaintiffs bear the burden of pleading a statute, regulation, or policy that limits the government's discretion to determine where to detain deportable noncitizens and whether minors, who entered the United States with a parent that is subsequently prosecuted or detained in a secure detention facility, is "unaccompanied." Plaintiffs have not done so here.

### B. Defendant Satisfies the Second Prong of the DFE test.

Plaintiffs do not dispute the second prong of the DFE Test (*see generally* Opp'n), and the governmental conduct at issue is without a doubt "susceptible to policy analysis." When "established governmental policy, as expressed or implied by statute . . . allows a [g]overnment agent to exercise discretion" – as federal laws do here – "it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 325. "The decision need not actually be grounded in policy considerations so long as it is, by its nature, susceptible to a policy analysis." *GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1174 (9th Cir. 2002) (emphasis in original).

Here, the separation of L.C. from J.P. occurred as a result of the government's discretionary decision to detain J.P. in a secure detention facility, which rendered her unavailable to provide care and physical custody of L.C., who could not be held in secure detention under the Flores Agreement. As explained in Defendant's Motion, the government's classification and placement decisions, including decisions regarding whether to detain adults and minors together, are quintessential discretionary judgments susceptible to policy considerations – as, of course, are the decisions of this Administration repudiating and reversing the policies of which Plaintiffs complain. *See* Mot. at 7-11; *see also Peña Arita*, 470 F. Supp. 3d at 686-87 (implementation of policies resulting in separations are discretionary conduct grounded in policy that courts cannot second-guess). Moreover, the prior administration issued a series of directives that spelled out the policies that it sought to advance with its enforcement of the federal immigration statutes at issue here. Mot. at 11.

### C. Plaintiffs' negligence claim based on their conditions of confinement should be dismissed for lack of jurisdiction.

Plaintiffs' negligence claims are based on allegations concerning their conditions of confinement—namely, that the government did not provide J.P. with sufficient information about L.C.'s placement and did not facilitate sufficiently frequent

communication between them. *See* Opp'n at 5-6. Courts have repeatedly held that claims based on acts or omissions relating to conditions of confinement are barred by the DFE. *See* Mot. at 12-13 (collecting cases).

In particular, the amount of information provided to J.P. and her ability to communicate with L.C. by telephone is the result of her being amenable to prosecution and the government's discretionary decision to confine her in secure immigration detention facilities. The government's decisions concerning how much and when to furnish information to detainees, as well as when to permit phone use, are likewise discretionary decisions susceptible to policy considerations that fall within the DFE. *E.g., Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (holding detainee's right to telephone access is "subject to rational limitations in the face of legitimate security interests" (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986)); *Harrison v. Fed. Bureau of Prisons*, 464 F. Supp. 2d 552, 559 (E.D. Va. 2006) ("BOP's provision of telephone services is a matter committed to its discretion that will not be second-guessed through an FTCA claim."). These claims should be dismissed.[4]

## II. Plaintiffs' Claims Are Barred by the FTCA's Exception for Actions Taken to Execute the Law.

Plaintiffs argue that the FTCA's exception for actions taken to execute the law is inapplicable because "no statute or regulation requir[ed] the separate detention of Plaintiffs." Opp'n at 11-12. On the contrary, the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 8 U.S.C. § 1232(b)(3), required the government to transfer L.C. to ORR custody within 72 hours after determining that she was "unaccompanied." As a threshold matter, and as discussed above, the determination that L.C. was "unaccompanied" within the meaning of the TVPRA is a decision covered by the DFE. *See* 6 U.S.C. § 279(g)(2). Whether a parent is "available to provide care and physical

---

[4] Defendant also notes that negligence cannot violate the Due Process Clause. *See Daniels v. Williams*, 474 U.S. 327, 331-32 (1986); *Campbell v. Chavez*, 402 F. Supp. 2d 1101, 1102 (D. Ariz. 2005). Thus, any argument that constitutional violations can defeat a DFE defense is inapplicable to Plaintiffs' negligence claims.

custody" is a policy question vested in federal officials. *See Poston*, 119 F. Supp. 3d at 482-83 (E.D. Va. 2015) ("Federal agencies are afforded discretion under the statutory scheme when classifying juveniles as unaccompanied alien children."). Here, J.P. was amenable to prosecution and detained in secure detention facilities, rendering her unavailable to provide care and physical custody of L.C. In this circumstance, the DFE applies to the government's determination that L.C. should be deemed unaccompanied and transferred to the custody of ORR. *See Fisher Bros. Sales, Inc. v. United States*, 46 F.3d 279, 287 (3d Cir. 1995) (holding decision subject to DFE when it "reflects the decisionmaker's judgment that it is more desirable to make a decision based on the currently available information than to wait for more complete data or more confirmation of the existing data"). And once the discretionary decision to deem L.C. "unaccompanied" was made, the TVPRA required that she be transferred to ORR custody while J.P. was held in secure immigration detention.

      Here, Plaintiffs do not contend that the government deviated from the statutory requirements of the TVPRA in transferring L.C. to the custody of ORR after making the discretionary decision that L.C. was unaccompanied. Rather, Plaintiffs' claims challenge their separation pursuant to the proper enforcement of federal statutes. But this exception "bars tests by tort action of the legality of statutes and regulations." *Dalehite v. United States*, 346 U.S. 15, 33 (1953); *see also* H.R. Rep. No. 77-2245, 77th Cong., 2d Sess., at 10 (noting that it was not "desirable or intended that the constitutionality of legislation, or the legality of a rule or regulation should be tested through the medium of a damage suit for tort"); *Powell v. United States*, 233 F.2d 851, 855 (10th Cir. 1956) (FTCA does not waive sovereign immunity for claims based on employees' acts "performed under and in furtherance of the regulation . . . even though the regulation may be irregular or ineffective"). The enforcement of the TVPRA's statutory command cannot form the basis of an FTCA claim.

### III. Plaintiffs' Claims Are Not Actionable Because There Is No Private Analogue.

Plaintiffs' claims also fail because the governmental conduct that Plaintiffs challenge has no private analogue. Defendant does not argue, as Plaintiffs suggest, that the conduct at issue is "uniquely governmental." Opp'n at 13. Rather, Defendant argues that there is no private analogue because Plaintiffs' claims arise out of federal statutory authority that only the federal government possesses. *See* Mot. at 14-16. This is especially true, where, as here, the statutory authority being exercised pertains to enforcement of federal immigration laws –namely, those relating to whether and where to detain noncitizens pending immigration proceedings. *See Ryan v. U.S. Immigration & Customs Enf't*, 974 F.3d 9, 26 (1st Cir. 2020) ("Controlling immigration and the presence of noncitizens within the country are duties and powers vested exclusively in the sovereign."). J.P. does not dispute that she was lawfully held in secure adult immigration detention pending her immigration proceedings. Plaintiffs' claims are essentially a challenge to where and with whom deportable noncitizens are detained. Such decisions are made pursuant to federal statutory authority and are in the sole province of the federal government; there is no private person counterpart. Mot. at 14-16.

The cases cited by Plaintiffs to suggest that Arizona law provides a private analogue to the conduct at issue here (Opp'n at 14) do not support Plaintiffs' argument. None of those cases involved a government actor exercising statutory authority to separate a deportable noncitizen parent from her child or the type of tortious conduct that Plaintiffs challenge in this case. *See Pankratz v. Willis*, 744 P. 2d 1182, 1184 (Ariz. Ct. App. 1987) (plaintiff-father initiating suit relating to ex-spouse disappearing with their child); *Martinez v. United States*, No. CV-13-00955-TUC-CKJ, 2018 WL 3359562, at *10-12 (D. Ariz. July 10, 2018) (allowing claim relating to agents' interrogation methods); *Est. of Smith v. Shartle*, No. CV-18-00323-TUC-RCC, 2020 WL 1158552, at *2 (D. Ariz. Mar. 10, 2020) (claim related to BOP assignment of plaintiff to a particular cell despite known risk of physical harm to plaintiff).

Plaintiffs have not identified a private person analogue or otherwise alleged facts to support the notion that private persons are involved in devising, promulgating, or executing federal law and policy. Thus, any equivalence between local school officials, parents, caregivers or other private individuals who may have a general or special duty of care under state law collapses when applied to the specific conduct alleged here.

### IV. Plaintiffs' Claims Are Impermissible Direct Liability or Systemic Tort Claims.

The United States has not waived its sovereign immunity for direct liability or systemic tort claims that allege tortious conduct against employees of the government as a whole, as Plaintiffs do here. Consistent with the FTCA's text and the principles articulated in *Adams v. United States*, 420 F.3d 1049 (9th Cir. 2005), Plaintiffs' claims do not fall within the FTCA's limited waiver of sovereign immunity because Plaintiffs fail to allege tortious conduct by an individual government employee(s), acting within the scope of his employment, for which he could otherwise be held personally liable. *See* 28 U.S.C. § 1346(b); *Adams*, 420 F.3d at 1054; *Lee v. United States*, No. CV 19-08051-PCT-DLR, 2020 WL 6573258, at *6-7 (D. Ariz. Sept. 18, 2020).

Here, as in *Lee*, Plaintiffs allege that various government employees across three different Executive Branch departments, who are not identified by either name or description, engaged in tortious conduct "as a whole," rather than alleging specific tortious acts or omissions by government employees. Mot. at 19. Their Opposition continues to assert the same "generalized theories" of tortious conduct on the part of "employees of federal institutions as a whole" that the court condemned in *Lee*, attributing the alleged tortious conduct to "U.S. Government officials," "DHS officials," and "CBP agents" in general. Opp'n at 18-19.[5] Such allegations are too vague and

---

[5] Plaintiffs suggest that the United States has waived immunity for the collective tortious acts of its employees when their conduct "as a whole" adds up to a tort. Opp'n at 18-19. The Ninth Circuit's decision in *Adams*, which concluded that the FTCA's purpose was to protect "Federal employees from personal liability," belies such an interpretation. *Adams*, 420 F.3d at 1054.

conclusory to fall within the FTCA's limited waiver. *See Adams*, 420 F.3d at 1054; *Lee*, 2020 WL 6573258, at *6-7.

**V.     Plaintiffs' Claims Are Not Actionable Under Arizona Law.**

Plaintiffs argue that *Muscat* is inapposite because, unlike the plaintiff in *Muscat*, they are not criminals. Opp'n at 19. To be sure, immigration arrests and detention are civil in nature, but enforcement of federal immigration law is viewed as more akin to criminal enforcement. *E.g., Ryan*, 974 F.3d at 27 (recognizing "civil immigration arrests seek to vindicate similar kinds of interests" as criminal arrests). Plaintiffs do not dispute that their apprehensions occurred as a result of their illegal entries into the United States. *Farley v. Greyhound Canada Trans. Corp.*, No. 03-CV-0344(Sr.), 2009 WL 1851037, at *3 (W.D.N.Y. June 26, 2009) (noting that "attempting to illegally enter the United States" is "a serious criminal act"). Following these apprehensions, Plaintiffs were lawfully detained pending immigration proceedings – decisions which Plaintiffs do challenge, and which required their separation. Accordingly, the consequences of such lawful apprehensions and detentions –specifically, the separations and limited communications while J.P. was in secure immigration detention – cannot be grounds for recovery under Arizona law.

**VI.    Plaintiffs' Negligence Claim Should be Dismissed for Failure to State a Claim.**

Plaintiffs argue that they have plausibly alleged the elements required to state a negligence claim. Opp'n at 20-21. However, as explained in Defendant's Motion, the Complaint is void of factual allegations that any particular federal employee "was negligent in performing his or her responsibilities" relating to Plaintiffs' detention and separation, or how any of "particular employee's negligent acts or omissions" harmed Plaintiffs. *Lee*, 2020 WL 6573258, at *6; Mot. at 20-22. Absent such allegations, Plaintiffs cannot state plausible negligence claims under the FTCA. *See, e.g., Dominguez ex rel. Dominguez Rivera v. Corbett*, No. CV 08-648 TUC DCB (BPV), 2010 WL 3619432, at *7-8 (D. Ariz. Aug. 5, 2010) (dismissing FTCA claim that did not allege

"facts regarding any individual employee (by either name or description), who . . . committed a tort against Plaintiff"). Moreover, courts in this District have not hesitated to dismiss FTCA claims which assert general allegations against government employees (who are not identified by either name or description) and fail to plead how any specific government employee breached a duty of care. *See* Mot. at 22 (collecting cases). Plaintiffs' vague and conclusory allegations amount to the type of "labels and conclusions" or "formulaic recitation of the elements" of a negligence claim that "will not do," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and that fail to give Defendant fair notice.

### III. CONCLUSION

For all of the above reasons, Defendant requests that the Court dismiss this action.

Respectfully submitted this 9th day of August, 2022.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> *s/ Theo Nickerson*
> THEO NICKERSON
> Assistant United States Attorney
> *Attorneys for Defendant*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on August 9, 2022, I electronically transmitted the attached |
| 3 | document to the Clerk's Office using the CM/ECF System for filing and transmittal of a |
| 4 | Notice of Electronic Filing to the following CM/ECF registrants: |

**Daniel Benjamin Pasternak**
Squire Patton Boggs (US) LLP
2325 E. Camelback Road
Suite 700
Phoenix, AZ 85016
Phone: 602-528-4000
Email: daniel.pasternak@squirepb.com

**Hena Vora**
Proskauer Rose LLP - New York, NY
11 Times Sq.
New York, NY 10036-8299
Phone: 212-969-3842
Email: hvora@proskauer.com

**Joel Frost-Tift**
Public Counsel
610 S Ardmore Ave.
Los Angeles, CA 90005
Phone: 518-268-9511
Email: jfrost-tift@publiccounsel.org

**Manuel Cachan**
Proskauer Rose LLP - Los Angeles, CA
2029 Century Park E, Suite 2400
Los Angeles, CA 90067
Phone: 310-284-4568
Email: mcachan@proskauer.com

**Sara Lynn Van Hofwegen**
Public Counsel
610 S Ardmore Ave.
Los Angeles, CA 90005
Phone: 213-201-4712
Email: svan@publiccounsel.org

**Timothy Burroughs**
**Proskauer Rose LLP - New York, NY**
**11 Times Sq.**
**New York, NY 10036-8299**
**Phone: 212-969-3121**
**Email: tburroughs@proskauer.com**


*s/ Theo Nickerson*
United States Attorney's Office