Daniel B. Pasternak (SBN 023751)
SQUIRE PATTON BOGGS (US) LLP
2325 East Camelback Road, Suite 700
Phoenix, AZ 85016
Telephone: 602.528.4187
Facsimile: 602.253.8129
daniel.pasternak@squirepb.com

Manuel F. Cachán*
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone: 310.557.2900
Facsimile: 310.557.2193
mcachan@proskauer.com

Hena M. Vora*
Timothy E. Burroughs*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: 212.969.3000
Facsimile: 212.969.2900
hvora@proskauer.com
tburroughs@proskauer.com

Sara Van Hofwegen*
Joel Frost-Tift*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: 213.385.2977
Facsimile: 212.385.9089
svanhofwegen@publiccounsel.org
jfrost-tift@publiccounsel.org

Attorneys for Plaintiffs
* Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| J.P. and L.C.,<br><br>           Plaintiffs,<br><br>     vs.<br><br>United States of America,<br><br>           Defendant. | No. 2:22-cv-00683<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Oral Argument Requested) |

1

Plaintiffs J.P. and L.C. respectfully move for leave to file a First Amended Complaint. In accordance with LRCiv 15.1(a), Plaintiffs' proposed First Amended Complaint is attached hereto in redline as **Exhibit A**, indicating in what respect the proposed First Amended Complaint differs from the original Complaint by striking through the text that was deleted and underlining the text that was added. This motion is supported by the following memorandum of points and authorities, the Court's file, the proposed First Amended Complaint, and such other argument and papers as may be presented.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND

Plaintiffs J.P. and L.C. ("Plaintiffs") filed a complaint based on their forced separation at the U.S.-Mexico Border under Defendant United States' ("Defendant" or the "Government") then-existing policy of family separation (the "Family Separation Policy"). *See* Complaint, *J.P. and L.C. v. United States*, No. 2:22-cv-00683 (D. Ariz. Apr. 25, 2022) (Doc. 1). The Government filed a motion to dismiss that has been briefed and is pending.

Several plaintiffs have filed similar complaints against Defendant, in this District and in other judicial districts, based on its Family Separation Policy. In each case, Defendant has repeatedly argued, among other things, that the complaints should be dismissed due to the discretionary function exception. To date, every court in this Circuit has rejected that argument and denied those motions. *See F.R. v. United States*, No. 21-CV-00339-DLR, 2022 WL 2905040, at *5 (D. Ariz. July 22, 2022); *A.F.P. v. United States*, No. 21-CV-00780-DAD-EPG, 2022 WL 2704570, at *11-14 (E.D. Cal. July 12, 2022); *P.G. v. United States*, No. CV-21-04457, 2022 WL 3024319, at *4 (N.D. Cal. May 10, 2022); *A.I.I.L. v. Sessions*, No. CV-19-00481-TUC-JCH, 2022 WL 992543, at *3-4 (D. Ariz. Mar. 31, 2022); *Nunez Euceda v. United States*, No. 20-CV-10793V-APG-JSX, 2021 WL 4895748, at *3 (C.D. Cal. Apr. 27, 2021); *A.P.F. v. United States*, 492 F. Supp. 3d

1

989, 996 (D. Ariz. 2020); *C.M. v. United States*, No. 19-CV-05217-SRB, 2020 WL 1698191, at *4 (D. Ariz. Mar. 30, 2020).

Binding precedent compels these serial denials of Defendant's repeated requests to dismiss separated families' complaints based on the discretionary function exception. In the Ninth Circuit, the discretionary function exception cannot apply where the complaint presents plausible allegations that the Government violated the U.S. Constitution. *Nurse v. United States*, 226 F.3d 996, 1002 (9th Cir. 2000). Indeed, precedent firmly establishes that even "bare allegations" of such violations suffice. *Id.*; *see also F.R.*, 2022 WL 2905040, at *5. For this reason, allegations like those asserted by Plaintiffs that the Government subjected them to forcible and prolonged separation with limited information about each other's wellbeing and whereabouts warrant similar denial of the Government's pending motion to dismiss. *See C.M.*, 2020 WL 1698191, at *4.

However, in recently denying the Government's motion to dismiss in another family separation case, the court in *B.A.D.J. v. United States of America*, No. 21-cv-00215, ECF No. 60 ("*B.A.D.J.* Order") (D. Ariz. Sept. 30, 2022), implicitly (but erroneously) raised the standard for overcoming the discretionary function exception at the pleading stage. The plaintiffs in *B.A.D.J.* made two distinct allegations: (1) their forcible and prolonged separation violated their constitutional right to family integrity; and (2) the Government coerced them into abandoning their asylum claim, thus violating their procedural due process rights. *B.A.D.J.* Order at 5; *see also* E.C.F. 46 ("Plaintiffs' Opp.") at 8. Judge Brnovich found that their complaint only actually articulated the procedural due process violation. *Id.* Implicit in this finding was the court's requirement that plaintiffs allege which constitutional rights were violated with particularity. *See B.A.D.J.* Order 5-6. Plaintiffs disagree with the *B.A.D.J.* court's application of the *Nurse* standard. Plaintiffs additionally disagree with Judge Brnovich's statement that "almost all of Plaintiffs' claims are based on an alleged constitutional violation and are not really tort allegations." *Id.* at 9. One course of conduct can violate multiple sources of law at once.

2

1 Here, the government violated Plaintiffs' constitutional rights. Plaintiffs do not seek redress for those violations under the Constitution, but rather those remedies available under the FTCA for the manner in which Plaintiffs were separated. Seeking such relief is entirely consistent with binding Ninth Circuit precedent which establishes that under the FTCA, governmental conduct can be unconstitutional and tortious, though damages can only be sought for the latter. *See Nurse*, 226 F.3d at 996.

Plaintiffs believe they have alleged in their original Complaint sufficient facts to demonstrate a violation of their constitutional rights, among other federal laws. However, if the Court concludes that, even though not binding on it, *B.A.D.J.* nonetheless is persuasive and supports dismissal of Plaintiffs' original Complaint, Plaintiffs request leave to cure any such defects by amendment.

## II.  ARGUMENT

### A.  Legal Standard for Granting Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff may amend her complaint once as a matter of right in certain circumstances, and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)-(2). Where leave of court is sought, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has noted "on several occasions . . . that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15 . . . by freely granting leave to amend when justice so requires.'" *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (citations omitted)). Thus "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (*per curiam*)). In determining the propriety of granting a motion to amend, several factors govern, including "(1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4)

3

futility of amendment." *Gabrielson*, 785 F.2d at 766.  None of these factors are present here.

### B. Good Cause Exists to Grant Leave to Amend, and Defendant Cannot Demonstrate Any Basis to Deny the Motion.

Plaintiffs have good cause to amend their original Complaint (if necessary) for the Court to arrive at the conclusion reached by the majority of courts faced with the same question now before the Court on Defendant's motion to dismiss.  In finding that the plaintiffs' FTCA claims in *B.A.D.J.* could not be dismissed under the discretionary function exception, *B.A.D.J.* applied the reasoning in *Nurse v. United States,* 226 F.3d 996, 1002 n.2 (9th Cir. 2000), that the discretionary function exception does not protect unconstitutional governmental conduct, reasoning that government officials have no discretion to violate the Constitution.  Therefore, "if plaintiffs plausibly allege constitutional violations, then the discretionary function exception is inapplicable." *B.A.D.J.* Order at 5-6.

In their original Complaint, Plaintiffs referenced but did not explicitly identify the specific constitutional rights that Defendant violated by forcibly separating them—but they can easily do so, if necessary, through the proposed First Amended Complaint.  Plaintiffs reiterate, however, as explained in their opposition to the Government's motion to dismiss, that they only seek recovery under the FTCA for intentional infliction of emotional distress, negligence, abuse of process, and loss of consortium.  *B.A.D.J.* acknowledged that the plaintiffs in that case were "not pursuing claims to redress… constitutional violations." *B.A.D.J.* Order at 2.  Nor do Plaintiffs choose to do so here.  But to the extent that the Court nevertheless finds *B.A.D.J.* persuasive and applicable to the present case, Plaintiffs seek leave to amend their Complaint to plainly state how Defendant's unconstitutional conduct defeats its discretionary function exception defense.

Allowing Plaintiffs to amend their Complaint (if necessary) will expedite the litigation by incorporating all potential facts into one pleading.  Further, the proposed

amendment will not prejudice Defendant. Amendments to the language of the Complaint would only provide further factual detail to a discrete issue already framed in the original Complaint that, at most, Defendant would only need to provide supplemental legal authority to oppose. None of Defendant's other arguments in its motion to dismiss briefing would be affected, as Plaintiffs have no intention of adding additional causes of action at this time.

Defendant cannot demonstrate any other factor weighs against allowing Plaintiffs to amend their Complaint. Plaintiffs have not been dilatory: Judge Brnovich issued her ruling in *B.A.D.J.* less than one month ago, and Defendant's motion to dismiss remains pending. Plaintiffs do not seek leave to amend in bad faith. As explained above, Plaintiffs believe they have alleged sufficient facts in their Complaint to defeat Defendant's motion to dismiss, but seek leave to amend to the extent the Court finds that the reasoning in *B.A.D.J.* applies.

Nor would amendment be futile. If the court agrees with *B.A.D.J.* that constitutional violations need be explicitly and specifically alleged to overcome the discretionary function exception, such defects (to the extent the Court determined the original Complaint to contain them) would be cured by the proposed First Amended Complaint attached as Exhibit A. *See, e.g.*, *Krainski v. Nevada ex rel. Bd. of Regents of NV. System of Higher Educ.,* 616 F.3d 963, 972 (9th Cir.2010) ("Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment."); *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000) (noting that a court should permit amendment "unless it determines that the pleading could not possibly be cured by the allegation of other facts" (internal quotation marks and citation omitted)).

### III.   CONCLUSION

If the Court finds Plaintiffs have insufficiently pled violations of their constitutional rights to confer subject matter jurisdiction under the FTCA, Plaintiffs respectfully request

1. the Court grant Plaintiffs leave to file their proposed First Amended Complaint.  A
2. proposed order is attached hereto as **Exhibit B**.

Dated: October 28, 2022

    */s/ Daniel B. Pasternak*
Daniel B. Pasternak
SQUIRE PATTON BOGGS (US) LLP
2325 East Camelback Road, Suite 700
Phoenix, AZ 85016
Telephone:  602.528.4187
Facsimile:  602.253.8129
daniel.pasternak@squirepb.com

Manuel F. Cachán*
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone:  310.557.2900
Facsimile:  310.557.2193
mcachan@proskauer.com

Hena M. Vora*
Timothy E. Burroughs*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone:  212.969.3000
Facsimile:  212.969.2900
hvora@proskauer.com
tburroughs@proskauer.com

Sara Van Hofwegen*
Joel Frost-Tift*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone:  213.385.2977
Facsimile:  212.385.9089
svanhofwegen@publiccounsel.org
jfrost-tift@publiccounsel.org

*Attorneys for Plaintiffs*
* Admitted *pro hac vice*

**PROOF OF SERVICE**

I certify that on this 28th day of October, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all parties and counsel of record by operation of the Court's electronic filing system. The Parties may access this filing through the Court system.

                                         /s/ Debbie Harris
                                         Debbie Harris