GARY M. RESTAINO
United States Attorney
District of Arizona

THEO NICKERSON
Assistant United States Attorney
Connecticut State Bar No. 429356
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, AZ 85004-4449
Telephone: (602) 514-7500
Fax: (602) 514-7760
Theo.Nickerson2@usdoj.gov

*Attorneys for United States of America*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| J.P. and L.C., | No. CV- 22-00683-MTL |
| Plaintiffs, | **DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| v. | |
| United States of America, | |
| Defendants. | |

**BACKGROUND AND DEFENDANT'S STATEMENT OF NON-OPPOSITION**

Plaintiffs seek to file a First Amended Complaint "[i]f the Court finds Plaintiffs have insufficiently pled violations of their constitutional rights to confer subject matter jurisdiction under the FTCA." Doc. 30 at pp. 5-6. Defendant does not oppose this request, although it is premature and should not be granted until this Court has considered and ruled on all of the legal issues in the fully briefed and pending Motion to Dismiss (Doc. 15).

The original Complaint in this case was filed on April 25, 2022. Doc. 1. On June 24, 2022, the United States filed the Motion to Dismiss. Doc. 15. In the Motion to Dismiss, among other arguments, the United States argued that the decision to detain J.P. for possible prosecution and to house L.C. in the custody of the Office of Refugee Resettlement ("ORR") were discretionary and policy-laden decisions. Doc. 15 at pp. 7-12. The United States therefore argued that these decisions fell under the discretionary function exception to the Federal Tort Claims Act's ("FTCA") waiver of sovereign immunity and thus, that the Court should dismiss these claims for lack of subject matter jurisdiction. *Id.*

Specifically, in the Motion to Dismiss, the United States noted that in similar cases in this District, *C.M. v. United States*, 2020 WL 1698191, at *4 (D. Ariz. Mar. 30, 2020), and *A.P.F. v. United States*, 492 F. Supp. 3d 989, 996 (D. Ariz. 2020), the Court found that the discretionary function exception did not apply because the plaintiffs in those cases "alleged plausible constitutional violations." *Id.* at p. 11 fn. 7. The United States further noted that, unlike the Plaintiffs in *C.M.* and *A.P.F.*, Plaintiffs J.P. and L.C. failed to allege that federal officers violated the Constitution by detaining J.P. and transferring L.C. to ORR custody. *Id.* The United States therefore argued that the discretionary function exception to the FTCA's waiver of sovereign immunity applied, and the Court lacked subject matter jurisdiction to review these discretionary decisions. *Id.*

On July 25, 2022, Plaintiffs filed their Response in Opposition to the United States' Motion to Dismiss, arguing for the first time, that the Government violated their constitutional rights to family integrity and due process. Doc. 22 at pp. 4-7. On August 10, 2022, the United States argued in its Reply, that Plaintiffs' Response fails to assert the violation of any constitutional provision with the requisite degree of specificity to overcome the discretionary function exception. Doc. 28 at pp. 5-6. The Motion to Dismiss is now fully briefed and pending. Before the Court is the issue of whether the discretionary function exception applies to Plaintiffs' claims or whether they have alleged a constitutional violation with sufficient particularity so as to overcome the discretionary function exception. As argued in the United States' Motion to Dismiss and its Reply, the Court should find that they have not. Doc. 15 at pp. 7-12; Doc. 28 at pp. 5-6.

On October 28, 2022, Plaintiffs filed the instant Motion for Leave to File the First Amended Complaint. Doc. 30. In their Motion, Plaintiffs cite the Court's recent holding in *B.A.D.J.* finding that, in order to overcome the discretionary function exception in a similar family separation case, constitutional claims must be alleged with sufficient particularity. *Id.* at pp. 2-3 (citing to *B.A.D.J. v. United States of America,* No. 21-cv-00215, ECF No. 60 ("*B.A.D.J.* Order") (D. Ariz. Sept. 30, 2022). Plaintiffs request that, if the Court considers the *B.A.D.J.* decision persuasive and finds that they have not sufficiently alleged constitutional violations so as to overcome the discretionary function exception and invoke this Court's FTCA jurisdiction, that they be given leave to file the First Amended Complaint to sufficiently allege constitutional violations. The United States does not oppose this request should the Court grant its Motion to Dismiss on this basis.

Respectfully submitted this 4th day of November, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Theo Nickerson*
THEO NICKERSON.
Assistant United States Attorney
*Attorneys for Defendant United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Daniel B. Pasternak (SBN 023751)
SQUIRE PATTON BOGGS (US) LLP
2325 East Camelback Road, Suite 700
Phoenix, AZ 85016
daniel.pasternak@squirepb.com

Manuel F. Cachán*
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
mcachan@proskauer.com

Hena M. Vora*
Timothy Burroughs*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
hvora@proskauer.com
tburroughs@proskauer.com

Sara Van Hofwegen*
Joel Frost-Tift*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
svanhofwegen@publiccounsel.org
jfrost-tift@publiccounsel.org

*Attorneys for Plaintiffs*

s/ *Theo Nickerson*
United States Attorney's Office