**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J.P., et al., | No. CV-22-00683-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Pending before the Court are Defendant's Motion to Dismiss (Doc. 15) and Plaintiffs' Motion for Leave to File First Amended Complaint. (Doc. 30.) The Motion to Dismiss is fully briefed. (Docs. 22 and 28.) Defendant filed its response to the Motion for Leave to File First Amended Complaint explaining that it "does not oppose the request" but believes "it is premature and should not be granted until this Court has considered and ruled on all of the legal issues in the fully briefed and pending Motion to Dismiss (Doc. 15)." (Doc. 32 at 1.) Plaintiff did not file a reply.

Plaintiffs do not add any new claims in their proposed first amended complaint. Instead, they seek to preemptively add allegations to further "demonstrate a violation of their constitutional rights, among other federal laws" in the event this Court finds an order from another action, *B.A.D.J. v. United States of America*, No. 21-cv-00215-PHX at Doc. 60, persuasive and "supports dismissal of Plaintiffs' original Complaint." (Doc. 30 at 4.)

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The power to grant leave to

amend . . . is entrusted to the discretion of the district court, which determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quotation and citation omitted).

After reviewing the proposed first amended complaint, the Court does not find that any of the relevant factors weigh against allowing the amendments. Furthermore, neither party discusses the September 30, 2022 *B.A.D.J. v. United States of America*, No. 21-cv-00215-PHX order in their motion to dismiss briefing (because the motion to dismiss was fully briefed weeks before the order issued). Rather than comparing that order among the others orders that Plaintiffs raise (Doc. 30 at 2-3), the Court will grant Plaintiffs' Motion for Leave to File First Amended Complaint and the parties may raise it in their motion to dismiss briefing if Defendant chooses to pursue that route.

Accordingly,

**IT IS ORDERED** granting Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 30).

**IT IS FURTHER ORDERED** denying Defendant's Motion to Dismiss (Doc. 15) as moot.

**IT IS FURTHER ORDERED** that Plaintiffs shall file and serve on Defendant a clean copy of the First Amended Complaint by Friday, December 16, 2022.

**IT IS FURHTER ORDERED** that Defendant shall answer or otherwise respond to Plaintiffs' First Amended Complaint within the time limits prescribed in the Federal Rules of Civil Procedure.

Dated this 12th day of December, 2022.

Michael T. Liburdi
United States District Judge