GARY M. RESTAINO
United States Attorney
District of Arizona

THEO NICKERSON
Assistant United States Attorney
Connecticut State Bar No. 429356
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, AZ  85004-4449
Telephone: (602) 514-7500
Fax: (602) 514-7760
Theo.Nickerson2@usdoj.gov

*Attorneys for United States of America*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| J.P., *et al*.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>United States of America,<br><br>                    Defendant. | **Case No. CV-22-00683-PHX-MTL**<br><br>**ANSWER** |

Defendant United States of America, by and through undersigned counsel, in answer to Plaintiff's First Amended Complaint ("FAC"), Doc. 35, admits, denies, and alleges as follows:

### GENERAL ANSWER

1.      The United States denies any and all allegations in the FAC not specifically admitted herein.

2.      Plaintiffs quote various documents throughout the FAC, including United States District Court cases, Congressional statutes, reports and testimony, media articles, and investigatory reports. Defendant responds to these citations as follows:

        a.      In the specific answers that follow, to the extent a paragraph in the FAC cites or otherwise references one of these documentary sources solely as support for

a factual allegation, Defendant answers the factual allegation in accordance with Federal Rule of Civil Procedure 8 by either admitting, denying, or pleading lack of sufficient information with respect to that factual allegation. The citation of the source underlying the factual allegation is in and of itself not a factual allegation requiring a response.

b.     To the extent a paragraph in the FAC contains a factual allegation, purports to provide a quotation from a documentary source in whole or in part in a manner requiring a response as to its truthfulness or accuracy, or specifically describes a finding or conclusion of a report, policy, or other cited source, Defendant answers those allegations in accordance with Fed. R. Civ. P. 8.

3.     Insofar as the FAC contains allegations regarding the subjective mindset, knowledge, or motivation of various Executive Branch officials and employees, those allegations are denied throughout the Answer.

4.     Insofar as allegations relate to or reference the identities, ages, relationships, and nationalities of Plaintiffs, Defendant lacks information sufficient to form a belief as to the allegations because Plaintiffs are proceeding pseudonymously. Therefore, any specific admissions or denials, in full or in part, of allegations specific to Plaintiffs are qualified by the provision that Defendant is answering based on its belief, but lack of certainty, as to the identities of Plaintiffs.

5.     To the extent the headings in Plaintiffs' FAC are allegations, Defendant denies the allegations.

## SPECIFIC ANSWERS BY PARAGRAPH

### INTRODUCTION

1.     Defendant admits that this action seeks damages. Defendant admits that the person believed to be the child was approximately 16 years old at the time of the alleged separation. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations. President Biden has denounced the prior practice of separating children from their families at the United States-Mexico border, condemned the human tragedy that occurred, and established a task force to continue efforts to reunify families who had been separated.

2.      Defendant admits that the Plaintiffs believed to be J.P. and L.C. are a mother and daughter and are citizens of Guatemala.  Defendants lack information sufficient to form a belief as to the remaining allegations in this paragraph and therefore denies the remaining allegations.

3.      Defendant lacks information sufficient to form a belief as to these allegations. The allegation of the alleged policy is not a statement of fact but is a conclusion of law to which no response is required. To the extent that an answer is required, Defendant denies this allegation. Defendant denies the remaining allegations.

4.      Defendant admits that the persons believed to be J.P. and L.C. crossed into the United States from Mexico and that United States Customs and Border Protection ("CBP") officers detained them in Arizona.  Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the remaining allegations.

5.      The allegation that the alleged policy was cruel and inhumane is not a statement of fact but a statement of opinion to which no answer is required.  Defendant denies the remaining allegations.

6.      To the extent this paragraph consists of Plaintiffs' characterization of a court ruling, Defendant admits this document speaks for itself and denies any characterization of the ruling. The allegation that the alleged policy was unlawful is not a statement of fact but a conclusion of law to which no answer is required. To the extent an answer is required, Defendant denies this allegation. Defendant denies the remaining allegations.

7.      Defendant admits that a Joint Status Report filed on September 11, 2019 in the Ms. L. litigation reported "2,814 possible children of potential class members who were in the care of the Office of Refugee Resettlement (ORR) as of June 26, 2018" and "a total of 986 children of expanded class members." Defendant admits this document speaks for itself and denies any characterization of the document.  Defendant lacks sufficient information to form a belief as to the remaining allegations and therefore denies the allegations.

8.      Defendant admits that the persons believed to be J.P. and L.C. were separated.  Defendant lacks sufficient information to form a belief as to the remaining allegations and therefore denies the remaining allegations.

9.      Defendant lacks sufficient information to form a belief as to these allegations and therefore denies the allegations.

10.     Defendant admits that the person believed to be L.C. was reunified with the person believed to be J.P. on July 16, 2018.

11.     Defendant admits that Plaintiffs brings this action under the Federal Tort Claims Act. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies these allegations.

## JURISDICTION AND VENUE

12.     This allegation is not a statement of fact but is a conclusion of law to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

13.     Defendant admits that the persons believed to be J.P. and L.C. submitted administrative claims with United States Department of Homeland Security ("DHS") entities on or around April 30, 2020 and with the United States Department of Health and Human Services ("HHS") on May 19, 2020.  The allegations regarding exhaustion of administrative remedies are not statements of fact but are conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies these allegations.

14.     This allegation is not a statement of fact but is a conclusion of law to which no response is required. To the extent that an answer is required, Defendant denies this allegation.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

## PARTIES

15.     Defendant admits that the persons believed to be J.P and L.C. are Guatemalan nationals who currently reside in the United States.  Defendant lacks

information sufficient to form a belief as to the remaining allegations and therefore denies the remaining allegations.

16.     Defendant admits that the persons believed to be J.P and L.C. were separated and detained at a CBP facility in Arizona.  Defendant admits that the person believed to be L.C. was approximately 16 years old at the time of the separation and 20 years old at the time of the filing of the FAC.  Defendant admits that the person believed to be L.C. was transferred to the custody of the Department of Health and Human Services Office of Refugee and Resettlement ("ORR") on May 20, 2018 and placed at Southwest Key Programs, Inc., ("SWK") Casa Phoenix, in Phoenix, Arizona, until her reunification with the person believed to be J.P. on July 26, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the remaining allegations.

17.     Defendant admits this allegation.

18.     Defendant admits this allegation.

19.     Defendant lacks information sufficient to form a belief as to these allegations and therefore denies the allegations.

20.     Defendant admits that the persons believed to be Plaintiffs were separated. Defendant admits that CBP and United States Immigration and Customs Enforcement ("ICE") are responsible for supervising and managing individuals held in facilities that are within their respective areas of operation and under their respective authorities. Defendant admits that the persons believed to be J.P. and L.C. were held in CBP and ICE facilities in Arizona.  Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the remaining allegations.

21.     Defendant admits that the custody of minors the government classifies as unaccompanied alien children ("UACs") are transferred to HHS, which finds placement and care for UACs through a network of state-licensed ORR-funded care providers. Defendant admits that the person believed to be L.C. was placed at SWK Casa in Phoenix, Arizona.  Defendant denies the remaining allegations.

22.     The allegation that high-ranking officials in DHS and HHS worked together to design and promulgate an unlawful family separation policy is not a statement of fact

but is a conclusion of law to which no response is required. To the extent that an answer is required, Defendant denies the allegation the policy was unlawful.  Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the remaining allegations.

23.    Defendant lacks information sufficient to form a belief as to this allegation and therefore denies the allegation.

## STATEMENT OF FACTS

**A.    Family Separation Policy**

**1.    The Development of the Separation Policy and Defendant's Intent to Deter Central American Asylum Seekers by Causing Trauma.**

24.    This paragraph consists of Plaintiffs' characterization of documents.  To the extent a response is deemed required, Defendant admits that these documents speak for themselves and denies any characterization of the documents.

25.    The allegation is not a statement of fact but a conclusion of law to which no response is required and the cited material speaks for itself.

26.    The allegation is not a statement of fact but a statement of law to which no response is required and the cited material speaks for itself.

27.    The allegation is not a statement of fact but a statement of law to which no response is required and the cited material speaks for itself.

28.     The allegation is not a statement of fact but a statement of law to which no response is required and the cited material speaks for itself.

29.    Defendant denies that it sought to prevent asylum seekers from coming to the United States through a "Family Separation Policy" that it developed and implemented to intentionally separate immigrant families arriving at the southern border for the express purpose of causing those families emotional harm.  Defendant lacks information sufficient to form a belief regarding the remaining allegations and denies the remaining allegations.

30.   The cited material speaks for itself and Defendant denies any characterization of this material.  Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the remaining allegations.

31.   This paragraph consists of Plaintiffs' characterization of a transcript of congressional testimony and a news article. To the extent a response is deemed required, Defendant admits that the transcript contains the quoted text and denies any characterization of the testimony or the news article, which speak for themselves. Defendant admits that in February 2017, a meeting occurred between DOJ, HHS, and DHS to discuss several possible immigration policies.

32.   The cited material speaks for itself and Defendant denies any characterization of this material. The allegation regarding an "instant backlash from the medical community" is a statement of opinion to which no response is required.  To the extent a response is required, Defendant denies the allegations.

33.   Defendant admits that this paragraph consists of Plaintiffs' characterization of a transcript congressional testimony, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendant admits that the transcript contains the quoted text and denies any characterization of the testimony, which speaks for itself.

    **2.   After Piloting Family Separation in 2017, the United States Launched a Full-Scale Policy of Separating Parents from Their Minot Children in April 2018.**

34.   Defendant denies that the allegation that there was a "Family Separation Policy."  The remainder of paragraph consists of Plaintiffs' characterization of a document.  To the extent a response is deemed required, Defendant admits that the cited document speaks for itself and denies any characterization of the document.

35.   The cited material speaks for itself and Defendant denies any characterization of this material.  Defendant admits that there was a program in El Paso Sector prioritizing criminal prosecution of illegal entry under 8 U.S.C. §§ 1325-1326, and that children of parents referred for prosecution, once deemed UACs, were transferred to HHS custody, but denies that there was a "pilot program" or that there was

a "Family Separation Policy." The Government denies that criminal prosecution was pretextual.  Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the remaining allegations.

36.     The cited material speaks for itself and Defendant denies any characterization of this material.   Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the remaining allegations.

37.     Defendant admits that the quoted information appears on the cited document. The cited material speaks for itself and Defendant denies any characterization of this material.  Defendant denies the remaining allegations.

38.     Defendant admits that the quoted words are found in the cited document and denies any characterization of this material.  The cited material speaks for itself.

39.     Defendant admits that on April 6, 2018, the Attorney General issued a memorandum for federal prosecutors along the Southwest border regarding "zero-tolerance" for offenses under 8 U.S.C. § 1325(a) and that the quoted words are found in the cited documents.  The cited material speaks for itself and Defendant denies any characterization of this material.

40.     This paragraph consists of Plaintiffs' characterization of a document.  To the extent a response is deemed required, Defendant admits that the document speaks for itself and denies any characterization of the document.  Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the allegations.

41.     The allegation in this paragraph is a statement of opinion to which no response is required. To the extent a response is required, Defendant denies the allegations.

42.     Defendant admits that the quoted words are found in the cited documents. The cited material speaks for itself and Defendant denies any characterization of the documents.

43.     This paragraph consists of Plaintiffs' characterization of documents.  To the extent a response is deemed required, Defendant admits that the documents speak for themselves and denies any characterization of the documents. Defendant admits that

some children were separated from parents who were not charged with a criminal offense.  Defendant further admits that some families were separated who presented at ports of entry.

44.     This paragraph consists of Plaintiffs' characterization of a document.  To the extent a response is deemed required, Defendant admits that the document speaks for itself and denies any characterization of the document.  Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the allegations.

45.     This paragraph consists of Plaintiffs' characterization of a document. To the extent a response is deemed required, Defendant admits that the document speaks for itself and denies any characterization of the document.  Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the allegations.

46.     Defendant admits that Executive Order No. 13841 was issued on June 20, 2018.  The remaining allegation is a statement of opinion for which a response is not required.

47.     To the extent this paragraph consists of Plaintiffs' characterization of a court ruling, Defendant admits this ruling speaks for itself and denies any characterization of the ruling. Defendant admits that a June 26, 2018 Order in *Ms. L.* ordered the reunification of some families.

48.     Defendant admits that the tweet by President Donald J. Trump exists as quoted.  Defendant admits this material speaks for itself and denies any characterization of it.

**B.     The United States Forcibly Separated J.P. and L.C.**

**1.     J.P. and L.C. Seek Asylum in the United States.**

49.     Defendant denies that there was a "Family Separation Policy."  Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the remaining allegations.

50.     Defendant lacks information sufficient to form a belief as to these allegations and therefore denies the allegations.

51.     Defendant admits that that the person believed to be L.C. was sixteen years old in May 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the remaining allegations.

52.     Defendant lacks information sufficient to form a belief as to these allegations and therefore denies the allegations.

**2.     J.P. and L.C. are Taken into Custody by CBP.**

53.      Defendant admits that the persons believed to be J.P. and L.C. were apprehended near San Luis, Arizona on May 16, 2018, and were subsequently taken to the Yuma Border Patrol Station for processing.  Defendant lacks sufficient information for form a belief as to the remaining allegations and therefore denies the remaining allegations.

54.     Defendant admits that the persons believed to be J.P. and L.C. were apprehended late in the evening of May 16, 2018, and booked into Yuma Border Patrol Station in the early morning hours of May 17, 2018.

55.     Defendant admits that the person believed to be J.P. was presented with a Notice to Appear, Form I-862, in the English language, on May 17, 2018.  Defendant admits that the person believed to be J.P. signed the Notice of Appear with "X." Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the remaining allegations.

56.     Defendant admits that the person believed to be L.C. was interviewed by a Border Patrol Agent on May 17, 2018, at the Yuma Border Patrol Station.  Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the remaining allegations.

57.     Defendant lacks sufficient information to form a belief as to these allegations and therefore denies the allegations.

58.     Defendant lacks sufficient information to form a belief as to these allegations and therefore denies the allegations.

**3.     The U.S. Government Forcibly Separates J.P. and L.C.**

59.     Defendant admits that the persons believed to be J.P. and L.C. were separated on May 17, 2018.  Defendant admits that the person believed to be L.C. was

scheduled to be transferred to the custody of ORR on May 20, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the remaining allegations.

60.     Defendant lacks sufficient information to form a belief as to these allegations and therefore denies the allegations.

61.     Defendant lacks sufficient information to form a belief as to these allegations and therefore denies the allegations.  Defendant admits that the person believed to be L.C. fainted while at the Yuma Border Patrol Station on May 17, 2018. Defendant denies that the person believed to be J.P. was prevented from coming to the person believed to be L.C.'s aid.  Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the remaining allegations.

62.     Defendant lacks sufficient information to form a belief as to these allegations and therefore denies the allegations.

63.     Defendant admits this allegation.

### 4.     L.C. Is Placed In ORR Custody More Than 300 Miles Away From J.P.

64.      Defendant lacks sufficient information to form a belief as to these allegations and therefore denies the allegations.

65.     Defendant admits that L.C's ORR UAC Case File reflects that during the person believed to be L.C.'s Initial Medical Exam on May 21, 2018, L.C complained of an injury to her right lower lip five days ago after becoming dizzy and falling.  She reported pain over the area and swelling that had decreased some with redness, scabbing and occasional bleeding over the area for which she received treatment.

66.     Defendant admits paragraph 66.

67.     Defendant lacks sufficient information to form a belief as to these allegations and therefore denies the allegations.

68.      Defendant denies that phone calls were never facilitated between the persons believed to be L.C. and J.P.  Defendant lacks sufficient information to form a belief as to the remaining allegations and therefore denies the remaining allegations.

1

2       **5.      J.P. is Detained After Separation, is Linguistically Isolated, and**
        **Has No Information About L.C.'s Welfare.**
3

4       69.      Defendant lacks sufficient information to form a belief as to these

5   allegations and therefore denies the allegations.

6       70.      Defendant lacks sufficient information to form a belief as to these

7   allegations and therefore denies the allegations.

8       71.      Defendant admits that the person believed to be J.P. was transferred to a

9   federal detention center in Eloy, Arizona on May 25, 2018.  Defendant admits that the

    person believed to be J.P. was transferred through other facilities before being
10
    transferred to the James A. Musick Facility in Irvine, California.
11
        72.      Defendant admits that the person believed to be J.P. was placed into
12
    removal proceedings and did not have an attorney at her initial court hearing.  Defendant
13
    lacks sufficient information to form a belief as to the remaining allegations and therefore
14
    denies the remaining allegations.
15
        73.      Defendant lacks sufficient information to form a belief as to these
16
    allegations and therefore denies the allegations.
17
        74.      Defendant lacks sufficient information to form a belief as to these
18
    allegations and therefore denies the allegations.
19
        75.      Defendant lacks sufficient information to form a belief as to these
20
    allegations and therefore denies the allegations.
21
        76.      Defendant admits that the person believed to be J.P. was informed that the
22
    person believed to be L.C. was in an ORR shelter in Arizona.  Defendant denies that
23
    detention officers refused to connect the persons believed to be J.P. and L.C. by phone.
24
    Defendant lacks sufficient information to form a belief as to the remaining allegations
    and therefore denies the remaining allegations.
25
        77.      Defendant admits that the persons believed to be J.P. and L.C. had a phone
26
    call on June 22, 2018.  Defendant lacks sufficient information to form a belief as to the
27
    remaining allegations and therefore denies the remaining allegations.
28

78.     Defendant admits that the persons believed to be J.P. and L.C. had additional communications during the next three weeks after June 22, 2018.  Defendant lacks sufficient information to form a belief as to the remaining allegations and therefore denies the remaining allegations.

79.     This paragraph consists of Plaintiffs' characterization of a court ruling. Defendant admits this ruling speaks for itself and denies any characterization of the ruling.  Defendant admits that a June 26, 2018 Order in *Ms. L* ordered the reunification of some families.

### 6.     After Nearly Two Months, J.P. and L.C. Are Reunited

80.     Defendant admits that the person believed to be J.P. was ordered to be released on $1,500 bond.  Defendant further admits that the person believed to be J.P. was released on July 16, 2018.  Defendant admits that the person believed to be L.C. was discharged from ORR custody on July 16, 2018 and flown to Burbank, California to be reunified with the person believed to be J.P.

81.     Defendant admits that the persons believed to be J.P. and L.C. were reunited on July 16, 2018. Defendant lacks information sufficient to form a belief to the remaining allegations and therefore denies the remaining allegations.

82.     Defendant lacks information sufficient to from a belief as to these allegations and therefore denies the allegations.

83.     Defendant admits these allegations.

### 7.     J.P. and L.C. Face the Effects of Separation

84.     Defendant lacks sufficient information to form a belief as to these allegations and therefore denies the allegations.

85.     Defendant lacks sufficient information to form a belief as to these allegations and therefore denies the allegations.

86.     Defendant lacks sufficient information to form a belief as to these allegations and therefore denies the allegations.

87.     Defendant lacks sufficient information to form a belief as to these allegations and therefore denies the allegations.

88.     Defendant lacks sufficient information to form a belief as to these allegations and therefore denies the allegations.

89.     Defendant lacks sufficient information to form a belief as to these allegations and therefore denies the allegations.

**8.     The United States violated the constitution and multiple mandatory legal obligations when it forcibly separated the Plaintiffs during their detention.**

90.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

91.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

92.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

93.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

94.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

95.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

96.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

97.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

98.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

99.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

100.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

101.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

102.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

**CLAIMS FOR RELIEF**

103.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

**COUNT I**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

104.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

105.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

106.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

## COUNT II

## NEGLIGENCE

107.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

108.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

109.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

110.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

## COUNT III

## ABUSE OF PROCESS

111.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

112.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

113.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

**COUNT IV**

**LOSS OF CONSORTIUM**

114.    This allegation is not a statement of fact but is a conclusion of law to which no response is required. To the extent that an answer is required, Defendant denies this allegation.

115.    This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

116.    This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

117.    This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant denies this allegation.

118.    Defendant lacks sufficient information to form a belief to these allegations and therefore denies the allegations.

**PRAYER FOR RELIEF**

A.    This paragraph sets forth Plaintiffs' prayer for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested relief.

B.    This paragraph sets forth Plaintiffs' prayer for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested relief.

C.    This paragraph sets forth Plaintiffs' prayer for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested relief.

**JURY TRIAL DEMAND**

The remainder of Plaintiffs' First Amended Complaint consists of their demand for a jury trial, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to a jury trial.

**AFFIRMATIVE AND OTHER DEFENSES**

In further answering the First Amended Complaint, the United States raises the following affirmative and other defenses:

**FIRST DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

**SECOND DEFENSE**

Plaintiffs' claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a).

**THIRD DEFENSE**

Plaintiffs' claims are barred to the extent that they are based on the execution of federal statutes or regulations. 28 U.S.C § 2680(a).

**FOURTH DEFENSE**

Plaintiffs have failed to state a claim on which relief may be granted in whole or in part.

**FIFTH DEFENSE**

The United States, through employees, did not owe a legal duty to Plaintiffs.

**SIXTH DEFENSE**

The United States, through employees, did not breach any duty of care owed to Plaintiffs.

**SEVENTH DEFENSE**

The United States has waived its sovereign immunity only for the actions of "employees of the government" as defined in 28 U.S.C. § 2671.

**EIGHTH DEFENSE**

No acts or omissions of the United States, through employees, were the proximate cause of any injury to Plaintiffs. Plaintiffs' damages were proximately caused by the acts or omissions of third parties over whom the United States has no control.

**NINTH DEFENSE**

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

**TENTH DEFENSE**

In the event the United States is found to have been negligent or otherwise wrongful, which negligence or wrongful conduct is denied, the superseding and intervening negligence or wrongful conduct of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence or wrongful conduct and Plaintiffs' alleged injuries, cutting off the legal effect of the United States' negligence or wrongful conduct.

**ELEVENTH DEFENSE**

Plaintiffs' recovery of damages, if any, is limited by federal and applicable state law.

**TWELFTH DEFENSE**

Plaintiffs' recovery against the United States, if any, is limited to the amount stated in timely and properly presented administrative claims. 28 U.S.C. § 2675(b). To the extent the Plaintiffs have not timely or properly presented administrative tort claims, or seek relief different from, or in excess of, that set forth in a timely and properly filed administrative tort claim, Plaintiffs have not exhausted their administrative remedies and the Court lacks subject matter jurisdiction to consider such claims.

**THIRTEENTH DEFENSE**

Plaintiffs may not recover punitive damages, non-monetary damages, or pre-judgment interest under the Federal Tort Claims Act. 28 U.S.C. § 2674.

**FOURTEENTH DEFENSE**

To the extent the Court enters a money judgment against the United States, Plaintiffs are entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b) and 31 U.S.C. § 1304(b).

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred by any exception to or limitation on the United States' waiver of sovereign immunity.

**SIXTEENTH DEFENSE**

Under the FTCA, the United States only may be held liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

### SEVENTEENTH DEFENSE

To the extent that there are persons who were comparatively at fault, whether or not they are currently parties to this lawsuit, principles of comparative fault apply and liability must be apportioned or any judgment reduced as set forth under applicable state law.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred or diminished by Plaintiffs' failure to mitigate damages.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred to the extent they are based on misrepresentations, fraud, or deceit, 28 U.S.C. § 2680(h).

### TWENTIETH DEFENSE

The United States asserts that it has, or may have, additional affirmative defenses that are not known to the United States at this time but may be ascertained through discovery. The United States specifically preserves these defenses and reserves the right to amend its Answer with additional affirmative or other defenses that may be available, including any defenses under Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, the United States prays that:

A.  Plaintiffs take nothing by their First Amended Complaint.

B.  The First Amended Complaint be dismissed with prejudice.

C.  Judgment be entered in favor of Defendant.

D.  Defendant be awarded its costs of suit.

E.  The Court award Defendant such other and further relief as it deems proper.

1    Respectfully submitted this August 11, 2023.

2                                              GARY M. RESTAINO
                                               United States Attorney
3                                              District of Arizona

4
                                               *s/Theo Nickerson*
5                                              THEO NICKERSON
                                               Assistant United States Attorney
6                                              *Attorneys for Defendant*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>CERTIFICATE OF SERVICE</u>**

2

   I hereby certify that on August 11, 2023, I electronically transmitted the attached

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the following CM/ECF registrants:

5

6

      Daniel Benjamin Pasternak
      Squire Patton Boggs (US) LLP
      2325 E. Camelback Road
      Suite 700

7

      Phoenix, AZ 85016
      Phone: 602-528-4000

8

      Email: daniel.pasternak@squirepb.com

9

      *Attorneys for Plaintiff*

10

      Hena Vora
      Proskauer Rose LLP - New York, NY

11

      11 Times Sq.
      New York, NY 10036-8299

12

      Phone: 212-969-3842
      Email: hvora@proskauer.com

13

      *Attorneys for Plaintiff*

14

15

      Joel Frost-Tift
      Public Counsel
      610 S Ardmore Ave.

16

      Los Angeles, CA 90005
      Phone: 518-268-9511

17

      Email: jfrost-tift@publiccounsel.org
      *Attorneys for Plaintiff*

18

19

*s/Allison Tambs*

20

United States Attorney's Office

21

22

23

24

25

26

27

28