Daniel B. Pasternak (SBN 023751)
SQUIRE PATTON BOGGS (US) LLP
2325 East Camelback Road, Suite 700
Phoenix, AZ 85016
Telephone:   602.528.4187
Facsimile:   602.253.8129
daniel.pasternak@squirepb.com

Michael T. Mervis (*pro hac vice*)
Michelle Moriarty (*pro hac vice*)
Hena M. Vora (*pro hac vice*)
Timothy E. Burroughs (*pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone:   212.969.3000
Facsimile:   212.969.2900
mmervis@proskauer.com
mmoriarty@proskauer.com
hvora@proskauer.com
tburroughs@proskauer.com

Shawn S. Ledingham, Jr. (*pro hac vice*)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone:   310.557.2900
Facsimile:   310.557.2193
sledingham@proskauer.com

Rebecca Brown (*pro hac vice*)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone:   213.385.2977x235
Facsimile:   213.201.4727
rbrown@publiccounsel.org

*Attorneys for Plaintiffs*

THEO NICKERSON
ASSISTANT UNITED STATES ATTORNEY
40 North Central Avenue, Suite 1800
Phoenix, AZ 85004
Telephone: (602) 514-7456
Theo.Nickerson2@usdoj.gov

*Attorney for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| J.P. and L.C.,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br><br>United States of America,<br><br>　　　　　　　Defendant. | No. 2:22-cv-00683-MTL<br><br>**JOINT PROPOSED CASE MANAGEMENT REPORT** |

## JOINT PROPOSED CASE MANAGEMENT REPORT

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the District of Arizona's Local Rules of Civil Procedure ("Local Rules"), and the Court's Order entered June 29, 2023, counsel for Plaintiffs and Defendant (collectively, the "Parties") conferred on August 7, 2023, and hereby submit the following Joint Proposed Case Management Report:

### 1. Parties Who Attended the Rule 26(f) Conference

The following counsel attended the Rule 26(f) meeting on behalf of Plaintiffs:

- Shawn S. Ledingham, Jr.; Hena M. Vora; Timothy E. Burroughs; Daniel B. Pasternak

The Following counsel attended the Rule 26(f) meeting on behalf of Defendant:

- Theo Nickerson

### 2. List of the Parties, Including Any Parent Corporations or Entities

**Plaintiffs:** J.P. and her daughter, L.C.

**Defendant:** United States of America.

### 3. Statement of the Case and Principal Factual and Legal Disputes

**Plaintiffs' Statement:** Plaintiffs J.P. and her daughter, L.C. (together, "Plaintiffs"), bring this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq. In early May 2018, Plaintiffs sought asylum in the United States to escape danger in their home country of Guatemala. Shortly after Plaintiffs crossed the border, U.S. Government employees at the U.S.-Mexico border in Arizona separated L.C. from her mother, J.P., as the Government was doing at that time to nearly all parents crossing the southern border with minor children.

Plaintiffs were first detained by U.S. Customs and Border Protection ("CBP") agents in Arizona, who placed Plaintiffs into inhumane—and legally inadequate—living conditions, in violation of agency policy and a court-ordered settlement agreement. After Plaintiffs spent several days in a cold, windowless cell with no beds, showers, or private toilets alongside 100 other detainees, U.S. Government employees forcibly separated L.C. from her mother, causing physical injury to L.C. and emotionally harming both L.C. and J.P.

1 2 3 4 5 6 Government employees transferred J.P. to various facilities and ultimately to a U.S. Immigration and Customs Enforcement ("ICE") detention center in Irvine, California, where she remained for nearly two months before being reunited with L.C.  Meanwhile, L.C. was taken—bleeding and without adequate medical attention—to an immigrant children's shelter in Arizona where she was held for eight weeks with minimal communication with J.P.

7 8 9 10 11 12 13 14 J.P.'s and L.C.'s injuries were the result of U.S. Government agents—including employees of the U.S. Department of Homeland Security ("DHS") and its subagencies CBP and ICE, the U.S. Department of Health and Human Services ("HHS") and its subagency the Office of Refugee Resettlement ("ORR"), and the U.S. Department of Justice ("DOJ")—failing to exhibit basic levels of care, decency, and professionalism in their treatment of Plaintiffs and families like Plaintiffs.  Worse still, the Government employees purposefully inflicted harm on J.P. and L.C., in the hopes that Plaintiffs' suffering would deter other Central American families from seeking asylum protection in the United States.

15 16 As a result of the actions of its agents, the U.S. Government is liable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671, et seq. ("FTCA").

17 18 19 20 Plaintiffs are pursuing three causes of action against the Government: (i) intentional infliction of emotion distress ("IIED"), (ii) negligence, and (iii) loss of consortium.  [Doc. 35 ¶¶ 104-118].  Plaintiffs seek relief in the form of compensatory damages, attorney's fees and costs, and such other and further relief as the Court deems just.  *Id*. at 26.

21 **Defendants' Statement:**

22 23 24 25 26 27 28 Plaintiff J.P. and her minor child, L.C. (collectively, "Plaintiffs"), are Guatemalan nationals who unlawfully entered the United States. On or about May 16, 2018, a United States Customs and Border Patrol ("CBP") agent encountered Plaintiffs near San Luis, Arizona, questioned them, and determined that they were unlawful entrants. CBP then transported Plaintiffs to the Yuma Border Patrol Station in Yuma, Arizona. Plaintiff J.P. was determined to be amenable to prosecution as an illegal entrant. As a result, her minor child, L.C., was deemed an "unaccompanied alien child" ("UAC") and transferred to the custody

1 of the Department of Health and Human Services Office of Refugee Resettlement ("ORR"), on or about May 20, 2018, pursuant to the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 8 U.S.C. § 1232(b)(3). ORR then placed L.C. at Southwest Key Casa in Phoenix, Arizona.

Ultimately, J.P. was not prosecuted for unlawful entry but rather, was placed in removal proceedings before an immigration judge. On July 13, 2018, Plaintiff J.P was ordered released by the immigration judge on $1500 bond. On July 16, 2018, J.P. was released from ICE custody. On that same date, ORR released L.C. from Southwest Key Casa in Phoenix and facilitated her flight to Burbank, CA where she was reunited with her mother, J.P.

The United States maintains that it is immune from suit under the FTCA on several grounds, including that the separation of J.P. from her child, L.C., was pursuant to the execution of federal criminal and immigration laws, and thus Plaintiffs' claims are based upon discretionary, policy-based conduct. The United States further maintains that Plaintiffs have not pleaded actionable claims under applicable state law.

### 4. Statement of Jurisdiction

This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1346(b), and the FTCA, 28 U.S.C. §§ 2671–2680. On May 14, 2020, J.P. and L.C. submitted administrative claims to DHS, ICE, CBP, and HHS. None of the agencies has made a final disposition of either J.P. or L.C.'s administrative claims. Because at least six months have passed since submission of these claims, Plaintiffs exercised their right to treat the claims as denied. 28 U.S.C. § 2675(a). Accordingly, Plaintiffs allege that they have exhausted all available administrative remedies.

Defendant moved to dismiss Plaintiffs' First Amended Complaint, including for lack of subject matter jurisdiction. That motion was granted in part and denied in part. Doc. 59. As to the surviving claims, the Court ruled it has subject matter jurisdiction. *Id.* Defendant reserves its right to challenge this Court's jurisdiction.

Venue is proper in this District under 28 U.S.C. § 1402(b) because the alleged acts and omissions that give rise to this action took place primarily in this District.

### 5. Parties Not Served

All parties currently named in the First Amended Complaint have been served and have appeared.

### 6. Additional Parties to be Served and Amendments to Complaint

At this time, Plaintiffs do not intend to name additional parties or to otherwise amend the operative complaint. However, Plaintiffs may determine during discovery that there is a basis to name additional parties as Defendants in this action. The Parties propose a deadline to file motions to amend pleadings and/or motions to join additional parties of four months after Defendant completes production of documents identified in its Rule 26(a)(1)(A) initial disclosures.

### 7. List of Contemplated Motions

The Parties anticipate they each will move for summary judgment, in whole or in part, in accordance with Federal Rule of Civil Procedure 56 and Local Rules 7.2 and 56.1 on or before the dispositive motion deadline proposed herein. The Parties also intend to file a motion for a joint proposed protective order, joint proposed ESI protocol, and joint proposed clawback order. To the extent either Party discloses expert witnesses, the Parties reserve their rights to move to exclude or limit the admissible testimony of those experts in connection with any motion or trial.

### 8. Prospects of Settlement

The Parties will be able to assess prospects for settlement as discovery progresses.

### 9. Reference to a United States Magistrate Judge or Special Master

**Plaintiffs' Statement**: Plaintiffs do not consent to reference to a Magistrate Judge for trial. Plaintiff believes that the case may be suitable for reference to a Magistrate Judge or Special Master to oversee discovery and for a settlement conference at a later date.

**Defendant's Statement**:

Defendant does not consent to reference to a Magistrate Judge for trial. Defendant agrees that the case may be suitable for reference to a Magistrate Judge for a settlement conference at a later date.

**10.     Status of Related Cases in this District[1]**

The matters of *C.M. et al. v. United States*, No. 2:19-cv-05217, and *A.P.F. et al. v. United States*, No. 2:20-cv-00065, are pending before Judge Susan R. Bolton. Cross motions for summary judgment are fully briefed and oral arguments were held on June 13, 2023. On August 4, 2022, Judge Bolton denied Plaintiffs' motion to transfer this case, *J.P. et al. v. United States*, 2:22-cv-00683-MTL, to Judge Bolton.

The matter of *A.I.I.L. et al. v. United States*, No. CV-19-00481, is pending before Judge Hinderaker. On March 31, 2022, Judge Hinderaker granted in part and denied in part the government's motion to dismiss. The case is currently in discovery.

The matter of *F.R. et al. v. United States*, No. 2:21-cv-00339, is pending before Judge Rayes. On July 22, 2022, Judge Rayes granted in part and denied in part Defendant's motion to dismiss. The case is currently in discovery.

The matter of *E.S.M v. United States*, No. 4:21-cv-00029, is pending before Judge Soto. On October 20, 2022, Judge Soto granted in part and denied in part Defendant's motion to dismiss. The case is currently in discovery.

The matter of *B.A.D.J. v. United States*, No. 2:21-cv-00215, is pending before Judge Brnovich. On September 30, 2022, Judge Brnovich granted in part and denied in part Defendant's motion to dismiss. The case is currently in discovery.

The matter of *E.C.B. v. United States*, No. 2:22-cv-00915, is pending before Magistrate Judge Bibles. The case is currently in discovery.

---

[1] To date there are at least 43 family separation cases involving similar claims under the FTCA pending in federal courts nationwide.

The matter of *Fuentes-Ortega v. United States*, No. CV-22-0449, is pending before Judge Campbell. On November 14, 2022, Judge Campbell granted in part and denied in part Defendant's motion to dismiss. The case is currently in discovery.

The matter of *M.S.E. v. United States*, No. 22-cv-01242, is pending before Judge McNamee. On November 15, 2022, Defendant filed a motion to dismiss the complaint. The motion is fully briefed and pending before Judge McNamee.

The matter of *P.C.J. v. United States*, 23-cv-00780, is pending before Judge Humetewa. Defendant's deadline to answer or otherwise respond to the complaint is August 21, 2023.

**11.     Preservation and Production of Electronically Stored Information**

The Parties have taken and will continue to take all reasonable steps necessary to preserve discoverable information. The Parties have discussed an ESI protocol to govern discovery in this matter which they plan on filing jointly in short order.

**12.     Claims of Privilege & Work Product**

The Parties are not currently aware of any anticipated controversies regarding privilege or work product, but each Party reserves its rights to assert any applicable privileges. The Parties agree that any claim of privilege and/or work product protection must be made in accordance with Federal Rule of Civil Procedure 26(b)(5). The Parties intend to jointly file a proposed clawback order within the next 30 to 45 days.

**13.     Discovery Subjects, Limitations, and Phasing**

**a.     Extent, Nature & Location of Discovery**

**Plaintiffs' Statement**: Most of the information relevant to Plaintiffs' claims resides with Government employees and in records maintained by Defendant. Plaintiffs anticipate that they will require document discovery and deposition testimony concerning the areas identified below, which are provided by way of example and therefore do not represent an exhaustive list of potential discovery topics. All of the exemplar topics identified below are relevant to Plaintiffs' claims that Government employees deliberately and negligently

harmed Plaintiffs as a result of the implementation and execution of the Government's family separation practices.

Some of that discovery will relate to actions, decisions, and communications made by Government employees that do not specifically refer to Plaintiffs ("General Discovery"). Other discovery will relate specifically to J.P. and L.C. ("Case-Specific Discovery").

### b. General Discovery

The below categories of General Discovery information are relevant to Plaintiffs' claims and Defendant's defenses.

Plaintiffs anticipate that much of the information sought in General Discovery will have already been produced in the aforementioned family separation cases pending in this District. That information can and should be produced as part of Defendant's initial disclosures. Likewise, while Plaintiffs have not yet seen any deposition transcripts and reserve all rights, Plaintiffs anticipate that many General Discovery depositions of previously deposed witnesses can be limited in time and scope to topics not adequately addressed in prior depositions.

- The creation, development, and implementation of the Government's practice of separating adults and minors at the Southern border of the United States between 2017 and 2018 (the "Family Separation Practice").
- The purpose or intent of the Family Separation Practice, and the reasons underlying Government employees' decision to separate families.
- Government employees' knowledge of potential or actual effects of the Family Separation Practice on the victims of those separations, including concerns raised by Government employees and others about the emotional and psychological harms of separating families.
- The creation, development, and implementation of the Government's "Zero-Tolerance" policy implemented in 2018, and the relationship, if any, between the Family Separation Practice and the Zero-Tolerance policy.

- Government policies and practices concerning the care of individuals in immigration detention.
- The policies, directives, processes, procedures, and decision-making related to the referral of parents to the U.S. Department of Justice for prosecution pursuant to 18 U.S.C. § 1325.
- Government policies and practices concerning the care of children in the custody of the ORR, including policies related to the Government's determination of where to place children separated from their parents pursuant to the Family Separation Practice, and policies and practices of facilities and organizations that contracted with ORR and provided care for L.C.
- ORR's response to the implementation of the Family Separation Practice, including information regarding the number of children in ORR custody for the period of 2016 to 2019, and concerns raised by ORR employees and others concerning ORR's capacity to house children separated from their parents.
- Government policies and practices, if any, regarding communication between parents and children separated under the Family Separation Practice.
- Government policies and practices, if any, regarding the tracking of parents and children separated under the Family Separation Practice, including any interagency communication regarding separated families.
- Government policies and practices, if any, regarding the reunification of families separated under the Family Separation Practice.
- Government employees' actions and decisions, if any, to end the Family Separation Practice.

      **c.**     **Case-Specific Discovery**

The below categories of documents and information are relevant to Plaintiffs' claims that Defendant's employees deliberately and negligently harmed them. Plaintiffs anticipate that Defendant's discovery burden as to these categories will be lessened as a result of its identification and collection of relevant information in related cases in this District involving

9

the implementation of the Family Separation Practice for individuals seeking asylum in the United States that were detained in Arizona and California. Information from related cases is appropriate and proportional to the needs of this case because the information is likely to pertain specifically to Plaintiffs and the allegations in the First Amended Complaint, and will lead to the discovery of admissible evidence.

- The circumstances surrounding Plaintiffs' entry into the United States and detention in Government or Government-contracted facilities, including the conduct of agents staffing the facilities and decisions Government employees made concerning Plaintiffs, their treatment, or the conditions in which they were detained.
- Government employees' communications, decisions, and actions concerning the implementation and execution of the Family Separation Practice specific to Plaintiffs and the facilities at which Plaintiffs were detained, including:
    - the conditions at CBP facilities and treatment of asylum seekers and other migrants at the Yuma Sector before and after the implementation of the Zero Tolerance policy and the Family Separation Practice;
    - the decision to separate Plaintiffs and the timing and circumstances of the separation;
    - the actual separation of Plaintiffs, including the injury sustained by L.C. during that separation;
    - the treatment of L.C.'s injuries after being forcibly separated from J.P.;
    - the timing and circumstances of the designation of L.C. as an unaccompanied child;
    - the placement of J.P. in California following her separation from L.C., including her transport to various shelters after detention;
    - the placement of L.C. in Arizona following her separation from J.P., including her transport to various shelters after detention;

- o any efforts to track separated families, including to track J.P. and L.C. after their separation and to identify their domestic relatives for their potential release;
- o any actions taken to provide or prevent communication between J.P. and L.C.;
- o any actions taken to ensure that L.C. was not repatriated without J.P.; and
- o any actions regarding the reunification of J.P. and L.C.
- Government employees' treatment of J.P. and L.C. during the course of their respective detentions.
- The identities of employees of Defendant and Defendant's agents who interacted with Plaintiffs at any point or otherwise worked at any of the facilities at which Plaintiffs were detained.
- Information concerning any harms (including physical, medical, mental, psychological, and emotional) suffered by J.P. and L.C. as a result of their separation, including any documentation, reports, or assessments of the physical, medical, mental, emotional, or psychological state of J.P. and L.C. while in the custody of Defendant or Defendant's agents.
- Information concerning the retention, storage, and organization of Government records concerning each of the Plaintiffs.

**Defendants' Statement:**

The United States believes that the policy-level discovery that has been and will be produced in the C.M. and A.P.F. matters is sufficient, and Plaintiffs should not be permitted to require that the United States search for additional policy-level documents. The United States further notes that the discovery sought by Plaintiffs may be subject to attorney-client privilege, work product protection, governmental privileges, including but not limited to the deliberative process privilege, law enforcement privilege, executive privilege, and other applicable privileges. Moreover, insofar as Plaintiffs intend to seek discovery from current or former cabinet-level government officials, advisors to the President, or the President or

11

1 former President, such discovery should not proceed unless and until Plaintiffs demonstrate
2 the requisite heightened need for such discovery, and that such discovery cannot be obtained
3 through some other source that is more convenient and less burdensome.

4     The United States requires documentary discovery and deposition testimony
5 concerning the following subject areas:

- Information regarding the Plaintiffs' entry(ies) into the United States, their
- apprehension(s), and detention(s);
- Information regarding the Plaintiffs' living conditions and economic circumstances in Guatemala and the extent to which those circumstances contribute to the alleged physical, medical, mental, emotional and/or psychological harms experienced by the Plaintiffs;
- Information regarding communications and other contacts between Plaintiffs during their separation;
- Information regarding the alleged physical, medical, mental, emotional, and/or
- psychological harms allegedly sustained by Plaintiffs as a result of the separations.

    **d.    Suggested Changes to Discovery Limitations:**

    Given the scope of the allegations, the breadth of the Family Separation Policy, and the number of people involved, there is a possibility that the Parties will need to exceed the presumptive limits on discovery imposed by the Federal Rules of Civil Procedure and/or the Local Rules. Any Party that seeks to exceed the default limitations on discovery will do so through a noticed motion or stipulation. The Parties will further meet-and-confer in the coming weeks regarding a plan to consolidate any additional General Discovery, to avoid duplicative discovery on issues that are not case specific. In addition, the Parties plan on filing jointly a Protective Order governing discovery.

    **e.    Depositions:**

    Each deposition of an adult witness shall be subject to the presumptive limit of one day of seven hours as provided in Fed. R. Civ. P. 30(d)(1). To the extent that there is

coordination of depositions with the any of the above-listed related cases, the Parties will meet and confer regarding the appropriate time limit for any coordinated depositions.

    **14.**    **Proposed Discovery Deadlines**

        **a.**    **Amending the Pleadings:** Four months after Defendant completes production of documents identified in initial disclosures.

        **b.**    **Lodging a Proposed Joint Stipulated Protective Order:** October 6, 2023

        **c.**    **Completing Fact Discovery:** October 4, 2024

        **d.**    **Dates for Expert Disclosures and Rebuttals:**

        **Plaintiffs' expert disclosures:** January 10, 2025

        **Defendant's expert disclosures:** February 14, 2025

        **Rebuttal expert disclosures:** March 14, 2025

        **e.**    **Completion of expert discovery**: April 11, 2025

        **f.**    **Summary Judgment Deadline:** May 16, 2025

        **g.**    **Settlement Talk Deadline:** March 28, 2025

        **h.**    **Joint Mediation Plan:** April 11, 2025

        **i.**    **First Day of Trial**: September 26, 2025

    **15.**    **Trial / Jury**

**Plaintiffs' Statement:** As currently pled, the Parties plan for a bench trial. Plaintiffs have requested a right to jury trial in this case to preserve that right if it exists. Plaintiffs reserve their right to join additional parties and/or add claims for which a right to a jury trial exists. Plaintiffs anticipate trial will last two weeks if a bench trial or three weeks if a jury trial, to account for jury selection.

**Defendants' Statement:**

Plaintiffs request a jury trial in their First Amended Complaint. Doc. 35. Defendant contests Plaintiffs' request as the FTCA provides that all actions shall be tried by the Court without a jury. 28 U.S.C. § 2402.

**16.** **Other Matters**

The Parties have not identified any other matters that will aid the Court and the Parties in resolving this case in a just, speedy, and inexpensive manner.

Dated: August 24, 2023

| | |
|---|---|
| */s/ Theo Nickerson (w/permission)*<br>THEO NICKERSON<br>ASSISTANT UNITED STATES ATTORNEY<br>40 North Central Avenue, Suite 1800<br>Phoenix, AZ 85004<br>Telephone: (602) 514-7456<br>Theo.Nickerson2@usdoj.gov<br><br>*Attorney for Defendant* | */s/Daniel B. Pasternak*<br>Daniel B. Pasternak<br>SQUIRE PATTON BOGGS (US) LLP<br>2325 East Camelback Road, Suite 700<br>Phoenix, AZ 85016<br>Telephone:    602.528.4187<br>Facsimile:    602.253.8129<br>daniel.pasternak@squirepb.com<br><br>Shawn S. Ledingham, Jr. (*pro hac vice*)<br>PROSKAUER ROSE LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067-3010<br>Telephone:    310.557.2900<br>Facsimile:    310.557.2193<br>sledingham@proskauer.com<br><br>Michael T. Mervis (*pro hac vice*)<br>Michelle Moriarty (*pro hac vice*)<br>Hena M. Vora (*pro hac vice*)<br>Timothy E. Burroughs (*pro hac vice*)<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, NY 10036<br>Telephone:    212.969.3000<br>Facsimile:    212.969.2900<br>mmervis@proskauer.com<br>mmoriarty@proskauer.com<br>hvora@proskauer.com<br>tburroughs@proskauer.com<br><br>Rebecca Brown (*pro hac vice*)<br>PUBLIC COUNSEL<br>610 South Ardmore Avenue<br>Los Angeles, CA 90005<br>Telephone:    213.385.2977x235<br>Facsimile:    213.201.4727<br>rbrown@publiccounsel.org<br><br>*Attorneys for Plaintiffs* |

**PROOF OF SERVICE**

I certify that on this 24th day of August, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all parties and counsel of record by operation of the Court's electronic filing system. The Parties may access this filing through the Court system.

                                              */s/ Tammy Gougeon*_____
                                              Tammy Gougeon