IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J.P., et al., | No. CV-22-00683-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Before the Court is the Parties' Joint Motion for Order Entering Clawback Agreement and Order Pursuant to Fed. R. Evid. 502(d) (Doc. 72).

**IT IS ORDERED granting** the Motion (Doc. 72) with modifications by the Court.

**IT IS FURTHER ORDERED** pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority, the production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges (including, but not limited to, deliberative process privilege, law enforcement privilege, and other privileges the United States may invoke), common interest privilege, or any other applicable privilege or protection. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any

of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

This Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

## I.  DEFINITIONS

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

## II.  PROCEDURES

The procedures applicable to a claim of privilege on a produced Document and the resolution thereof shall be as follows:

**Discovery of Potentially Privileged Document by Receiving Party**

1. If a party discovers a Document, or part thereof, produced by another party that is privileged or otherwise protected, the receiving party shall promptly notify the producing party and shall sequester and cease use of the identified Document or information to give the producing party a reasonable period, presumptively seven (7) business days, to determine if the Document was intentionally produced. If the producing party indicates that a document should be returned or destroyed because it is privileged or otherwise protected, and the receiving party agrees with the privilege assertion, the receiving party shall (1) promptly return the specified Document(s) and any copies or (2) destroy the Document(s) and copies and certify to the producing party that the Document(s) and copies have been destroyed. The receiving party must also promptly identify,

sequester, and destroy any notes summarizing the substance of a Document, except that the receiving party may retain notes (1) reflecting or memorializing any discussions with the producing party about the privilege assertion and/or (2) related to motion practice challenging the producing party's privilege assertion.  If the receiving party contests the privilege assertion, the parties will abide by the process as laid out in Paragraphs 5 through 7 below.  Nothing in this Order is intended to shift the burden to identify privileged and protected Documents from the producing party to the receiving party.

**Discovery of Potential Privilege by Producing Party**

2. If the producing party determines that a Document Produced, or part thereof, is subject to a privilege or privileges, the producing party shall give the receiving party notice of the claim of privilege ("privilege notice").

3. The privilege notice must contain information sufficient to identify the Document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

4. Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must (1) promptly return the specified Document(s) and any copies or (2) destroy the Document(s) and copies and certify to the producing party that the Document(s) and copies have been destroyed.  The receiving party must sequester and destroy any notes summarizing the substance of a Document, except that the receiving party may retain notes (1) reflecting or memorializing any discussions with the producing party about the privilege assertion and/or (2) related to motion practice challenging the producing party's privilege assertion."  If a receiving party disclosed the Document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the Document or information.

5. Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party.  The Document(s) shall be sequestered immediately upon

receiving the privilege notice and may not be used by the receiving party in the litigation (e.g. filed as an exhibit to a pleading; used in deposition) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the receiving party may make a sealed motion, pursuant to LRCiv 5.7, for a judicial determination of the privilege claim.

6. Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person except as may be required to present the issue for judicial resolution. The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor.

7. If a Document must be returned or destroyed as determined by the process above, that document, along with copies of the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine information technology and cybersecurity functions.

Dated this 11th day of October, 2023.

Michael T. Liburdi
United States District Judge